Delbert Anthony McDONALD,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 85–161.

Supreme Court of Wyoming.

March 6, 1986.

Leonard Munker, State Public Defender, Julie Naylor, Appellate Counsel, Wyoming Public Defender Program, Gerald M. Gallivan, Director, and Jay E. Vincent, Student Intern, Wyoming Defender Aid Program, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Michele V.K. McKellar, Student Intern, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant was convicted of aggravated burglary under § 6–3–301(c)(ii), W.S.1977 (June 1983 Replacement), and sentenced to a term of not less than five nor more than seven years in the Wyoming State Penitentiary.

We affirm.

Appellant raises the following issues:
"I. WHETHER THE TRIAL COURT ERRED IN REFUSING DEFENDANT'S REQUESTED INSTRUCTION 'E' WHICH SET FORTH IN ONE INSTRUCTION DEFENDANT'S PRINCIPAL THEORY OF THE CASE, I.E. THAT AT THE TIME OF ENTRY A SPECIFIC INTENT TO COMMIT AGGRAVATED ASSAULT WAS NECESSARY TO CONVICT.

"II. WHETHER THE COURT COMMITTED PLAIN ERROR IN INSTRUCTING THE JURY THAT INTOXICATION IS NOT A DEFENSE TO THE SPECIFIC INTENT CRIME OF AGGRAVATED BURGLARY."

Appellee restates the issues as follows:
"I. DID THE TRIAL COURT ERR IN REFUSING APPELLANT'S PROPOSED INSTRUCTION 'E' CONCERNING THE NECESSARY INTENT FOR AGGRAVATED BURGLARY?

"II. DID THE TRIAL COURT COMMIT PLAIN ERROR IN INSTRUCTING THE JURY THAT INTOXICATION IS NOT A DEFENSE TO THE GENERAL INTENT CRIME OF AGGRAVATED ASSAULT & BATTERY?"

At approximately five o'clock a.m. on January 1, 1985, the victim and her four-year-old daughter were awakened when something bumped against their bed. They looked up to see appellant standing over them with a large kitchen knife. The victim screamed, and appellant put the knife to her throat and his hand over her mouth. A struggle ensued during which the victim grabbed for the knife and seriously cut the fingers of her left hand. Appellant then fled from the apartment.

On January 3, 1985, charges were brought against appellant under § 6–3–301, W.S.1977 (June 1983 Replacement),[1] which provided in pertinent part:
"(a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein.

\* \* \* \* \* \*

"(c) Aggravated burglary is a felony punishable by imprisonment for not less than five (5) years nor more than twenty-five (25) years, a fine of not more than fifty thousand dollars ($50,000.00), or both, if, in the course of committing the crime of burglary, the person:

---

**1.** Section 6–3–301 was amended effective May 23, 1985.

"(i) Is or becomes armed with or uses a deadly weapon or a simulated deadly weapon;

"(ii) Knowingly or recklessly inflicts bodily injury on anyone; or

"(iii) Attempts to inflict bodily injury on anyone.

"(d) As used in this section 'in the course of committing the crime' includes the time during which an attempt to commit the crime or in which flight after the attempt or commission occurred."

At trial before a jury, the State attempted to show that appellant broke into the apartment with the specific intent to arm himself and attack the victim. In contrast, defense counsel attempted to show that appellant had no specific intent to harm the victim when he entered her apartment and that any injury was purely accidental.

In his first assignment of error before this Court, appellant contends that he was denied the opportunity to present his theory of the case by the trial court's refusal to give the following proposed instruction:

### "INSTRUCTION NO. E

"In this case the State has alleged that Delbert McDonald, without authority of Viola Salazar, the owner and occupant, entered a dwelling with the intent to commit aggravated assault.

"The State, therefore, must prove to you, beyond a reasonable doubt that, at the time the defendant entered the dwelling, he had the specific intent to commit aggravated assault.

"If you find that the State has not proved to you, beyond a reasonable doubt, that Delbert McDonald intended to commit each and every element of the crime of aggravated assault, at the time he entered Viola Salazar's apartment, then you must find the defendant not guilty of aggravated burglary."

We have said that a defendant has the right to have his theory of the case affirmatively presented to the jury and that failure to do so is prejudicial error. *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981). However, we have also said that so long as the instructions given convey a correct statement of the applicable law, no particular form is necessary. *Alberts v. State*, Wyo., 642 P.2d 447 (1982). A trial court is not bound to give the defendant's proposed instructions but may instead present its own instructions covering the defendant's theory of the case. *Scheikofsky v. State*, supra. Furthermore, a trial court may refuse to give a proposed instruction, even though correct, where the requested instruction is properly and sufficiently covered by other instructions which have been given. *Ostrowski v. State*, Wyo., 665 P.2d 471 (1983). Applying these standards to the instructions given in this case, we find no error requiring reversal.

The court below gave the following instructions pertaining to appellant's theory of the case:

### "INSTRUCTION NO. 10

"The necessary elements of the crime of aggravated burglary are:

"1. The crime occurred within the county of Laramie on or about the date of January 1, 1985; and

"2. The defendant, Delbert Anthony McDonald, entered an occupied structure; and

"3. The entry was made without authority of the owner or occupant; and

"4. The defendant entered with the intent to commit an aggravated assault; and

"5. In the course of committing the act the defendant knowingly or recklessly inflicted bodily injury on Viola Ann Salazar.

"If you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

"If, on the other hand, you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty."

"INSTRUCTION NO. 11

"To constitute the crime charged there must be a union of two essential elements, an act forbidden by law and a specific intent.

"Specific intent means more than the general intent to commit the act. To prove a crime which involves specific intent, the prosecution must prove beyond a reasonable doubt:

"(1) That the defendant did the act charged; and

"(2) That he did it with the specific intent described in the crime charged. The specific intent must be proved beyond a reasonable doubt as any other fact in the case."

"INSTRUCTION NO. 21

"Delbert McDonald, the defendant, contends that he did not enter Viola Salazar's apartment with an intent to do anything other than to see if any of his friends were there and did not intend to assault anyone.

"Delbert McDonald further contends that his actions in awaking Viola Salazar while holding a knife were intended to be a practical joke and were not done with an intent to injure Viola Salazar.

"Delbert McDonald further contends that Viola Salazar injured her hand by grabbing the knife which was held in a fashion designed to avoid hurting or cutting Viola Salazar.

"Delbert McDonald further contends that his intoxication, at the time, impaired his judgment.

"Delbert McDonald further contends and admits that his actions were ill-conceived in a state of intoxication and that he acted in a manner which endangered Viola Salazar, but that he had no specific intent to injure her."

"INSTRUCTION NO. 25

"Aggravated burglary is a specific intent crime and aggravated assault is a general intent crime. The inebriated condition of a defendant has no bearing on the question of intent with respect to a general intent crime."

With the exception of only minor changes, Instructions 10, 11, and 21 represent three of the four instructions proposed by appellant with respect to his theory of the case. Of appellant's four proposed theory-of-the-case instructions, only proposed Instruction E was refused in its entirety. For that reason, we note as a preliminary matter that we are not governed by *Goodman v. State*, Wyo., 573 P.2d 400 (1977), and *Blakely v. State*, Wyo., 474 P.2d 127 (1970), as appellant contends. In those cases, no instructions were given on the defendant's theory of the case. Here, the trial court gave several such instructions. Therefore, we are guided by *Scheikofsky v. State*, and the question we must answer is whether such instructions sufficiently and correctly informed the jury as to appellant's theory of the case.

In essence, appellant's theory was that, after a long night of drinking, he went to the victim's apartment looking for a party; that he entered for the sole purpose of checking to see if any of his friends were there; that, after gaining entry and discovering no one was there except the victim, he decided to play a joke on her; that he did not intend to harm her; that any injury to the victim was entirely accidental; and, finally, that, because he lacked the specific intent required under the statute, he did not commit aggravated burglary.

■ Appellant specifically claims before this Court that the form in which the theory was ultimately presented did not adequately inform the jury that, to convict him of aggravated burglary, it must find that, at the time he entered the apartment, he specifically intended to commit aggravated assault. We are not persuaded by appellant's claim.

As demonstrated above, Instruction 10 contains the elements necessary to the crime of aggravated burglary under § 6–3–301. That instruction did not use the term "specific" intent as requested by appellant. However, Instructions 11 and 25, when con-

sidered together with Instruction 10, informed the jury that the intent required for an aggravated burglary conviction is specific intent. Instruction 11, when read together with Instruction 10, also clearly informed the jury that to convict appellant of aggravated burglary, it must find that he did the act charged—i.e., entered an occupied structure without authority—with the specific intent described in the crime charged—i.e., the intent to commit an aggravated assault.

These are not model instructions. They could have been framed in a manner more suitable to the facts and circumstances of this case. However, when considered together, the instructions given constitute a correct statement of the applicable law and adequately reflect appellant's theory of the case. For these reasons, we find that the trial court did not err in refusing appellant's proposed Instruction E.

Appellant next contends the trial court committed plain error in instructing the jury that intoxication is not a defense to the specific intent crime of aggravated burglary. Appellant's contention refers to the following instruction:

"INSTRUCTION NO. 22

"Defendant has introduced evidence to show that he was intoxicated at the time of the commission of the crime charged. Wyoming statutes provide that 'drunkenness shall not be an excuse for any crime or misdemeanor.'

"This provision of the law means that if the evidence shows that the defendant was voluntarily intoxicated when allegedly he committed the offense charged, his intoxication is not a defense to such charge."

As indicated previously, appellant was charged with aggravated burglary, a specific intent crime, and the jury was instructed as to the elements constituting that crime. The jury was also instructed that if it was not satisfied beyond a reasonable doubt that appellant committed the crime charged, it could find him guilty of the lesser-included offense of aggravated

assault and battery, a general intent crime. The jury was thereafter instructed as to the elements constituting the lesser-included offense. At trial, appellant sought to demonstrate as an alternative theory that because of his inebriated condition, he was not capable of forming the specific intent necessary under § 6–3–301 and therefore could not have committed the crime charged. In accordance with that theory, the jury was instructed as to the effect of intoxication on both the crime charged and the lesser-included offense. Instruction 23 provided as follows:

"INSTRUCTION NO. 23

"Voluntary intoxication is no excuse for the commission of a crime. However, pertinent portions of the Wyoming Statutes provide that 'where a crime rests in intention, the inebriated condition of the defendant at the time of committing the offense may be proved to the jury, as bearing upon the question of intention.'

"Thus, evidence that a defendant acted or failed to act while in a state of intoxication is to be considered in determining whether or not the defendant acted, or failed to act, with specific intent as charged."

And, Instruction 25 provided further:

"INSTRUCTION NO. 25

"Aggravated burglary is a specific intent crime and aggravated assault is a general intent crime. The inebriated condition of a defendant has no bearing on the question of intent with respect to a general intent crime."

We agree that these instructions could have been phrased and organized in a manner more befitting the circumstances of this case. However, we apply the plain error rule cautiously and only in exceptional circumstances. *Scheikofsky v. State*, supra. To show plain error, appellant must demonstrate that a clear and unequivocal rule of law was violated and that he was materially prejudiced thereby. *Scheikofsky v. State*, supra. Appellant fails to

make any such showing. When considered together, Instructions 22, 23, and 25 adequately informed the jury that the inebriated condition of appellant was to be considered only with respect to the specific intent crime of aggravated burglary.

For these reasons, we find that the trial court did not err in giving Instruction 22.

Affirmed.