Leslie LOZANO, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 87–226.

Supreme Court of Wyoming.

March 29, 1988.

Julie D. Naylor, Appellate Counsel, Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Mary B. Guthrie, Sr. Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Leslie Lozano pleaded guilty to aiding and abetting the commission of a burglary in violation of §§ 6–1–201(a) and 6–3–301(a), W.S.1977. She received a three-to-five-year suspended sentence and was placed on probation for a period of four years. Appellant now appeals to this Court from an order revoking her probation and imposing the original sentence.

We affirm.

Appellant presents the following issue for our consideration:

"Whether or not it was error for the District Judge to preside over the Probation Revocation Hearing when he was a witness."

The probation given appellant carried with it certain conditions, among which were the following:

"1. The Defendant is placed on probation to and shall be under the supervision of the State Probation Officer and his successors in office, and shall report to said Officer as directed and the State Probation Officer shall report to the Court with respect to the Defendant;

"Said supervision may be transferred to the State of Nebraska if said supervision is accepted by the State under the Interstate Compact. Defendant shall remain in the State of Nebraska and shall *not return to Cheyenne, Laramie County, Wyoming* [any] more than two (2) days per year.

\* \* \* \* \* \*

"6. The Defendant shall not consume alcoholic beverages or *frequent places where such is dispensed* [.]" (Emphasis added.)

Appellant was allowed to go to Nebraska under the interstate compact. However, her Nebraska officer attached an additional condition to the interstate compact making

it necessary for appellant to obtain prior approval from the Wyoming department of probation and parole before she returned to Wyoming.

A petition for revocation of appellant's probation was filed on July 29, 1987, alleging in part that appellant had violated the terms of her probation by coming to Wyoming without obtaining the required permission and by being present in a lounge where alcoholic beverages were being dispensed. One of the people who saw appellant present in the lounge was the district judge who had placed her on probation and who presided over her probation revocation hearing.

At the hearing, Rod Waldo, a Wyoming probation and parole agent, testified that he had been advised by appellant's supervising probation officer in Nebraska that appellant had left Nebraska and had come to Wyoming without permission. Mr. Waldo further testified that he had received information about appellant's presence in Wyoming because "Judge Grant saw her at the Lamp Lounge." Immediately after this statement was made, the attorney for appellant declared, "I'll object to foundation." Judge Grant replied:

"Well, I guess [we have] a procedural problem. I indeed saw Leslie Lozano on that date, as, indeed, [did] many other people in the Lamp Lounge. I inquired of Mr. Waldo whether that was in keeping with her probationary terms. Obviously, it was not, but * * * having been in the Lamp Lounge on that date is the least of Leslie's problems in connection with this Petition to Revoke Probation. Anyway, objection's overruled."

After Mr. Waldo testified, appellant's request that she be able to address the court was granted. She freely admitted that she had violated the terms of her probation by drinking alcohol:

"THE DEFENDANT: I did drink, and I just didn't realize how serious it would be. I didn't think I'd really get violated because I thought I was doing good by not doing the narcotic I originally had a habit with.

"THE COURT: But, you understand the terms and conditions of probation prohibited you from drinking, not just using drugs.

"THE DEFENDANT: Yeah, I understand that."

Appellant also explained that she had come to Wyoming without permission from her probation officer:

"THE COURT: You knew you weren't supposed to [come to Wyoming without permission]. You asked permission, it was denied, and you came anyway.

"THE DEFENDANT: Yes, I did. I should have made a simple phone call to Rod Waldo, but I didn't."

Appellant contends that it was plain error for Judge Grant to preside over her probation revocation proceedings because he observed a violation of her probation. Also, for the first time on appeal, appellant asserts that, given the circumstances, the judge abused his discretion when he did not recuse himself from the proceedings. We do not agree.

To establish plain error, appellant must demonstrate that a clear and unequivocal rule of law was violated and that she was materially prejudiced thereby. *Stone v. State*, Wyo., 745 P.2d 1344 (1987); *McDonald v. State*, Wyo., 715 P.2d 209 (1986). Likewise, when an issue was not raised at the trial court level, appellant must establish that the alleged error was plain error. *Sanchez v. State*, Wyo., 751 P.2d 1300 (1988); *Gresham v. State*, Wyo., 708 P.2d 49 (1985).

"In order for an alleged error to fall within this doctrine, specific minimum criteria must be met. It must be clear from the record, without resort to speculation or equivocal reference, exactly what occurred at trial. The proponent of the doctrine must demonstrate the existence of a clear and unequivocal rule of law; and the particular facts of the case must clearly and obviously, not just arguably, transgress that rule. Finally, once these criteria have been met, it must be shown that some substantial right of the accused has been adversely affected. These criteria apply even

when constitutional error is alleged; and unless each one of them is satisfied, any claim for review under the plain-error doctrine must fail." *Daellenbach v. State*, Wyo., 562 P.2d 679, 681 (1977). See also *Gresham v. State*, 708 P.2d at 55, and *Sanchez v. State*, supra.

 In her argument, appellant identifies Canon 3C of the Code of Judicial Conduct as being the clear rule of law which was violated. Canon 3C provides in pertinent part that:

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

"(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

Even assuming arguendo that a canon of ethics is a clear and unequivocal rule of law, there is nothing in the record which indicates that the trial judge was biased or prejudiced against appellant in any manner. In addition, there are no disputed evidentiary facts. Appellant requested that she be able to testify and freely admitted that she had violated the terms of her probation by drinking alcoholic beverages and by returning to Wyoming without first obtaining the required permission.

Appellant failed to demonstrate in what manner she was prejudiced. The mere fact that the judge presided over appellant's revocation proceedings after observing a violation of her probation is not sufficient to establish plain error.

Affirmed.

URBIGKIT, J., filed a specially concurring opinion.

URBIGKIT, Justice, specially concurring.

Singularly significant, I would find, was the disinclination either of appellant, who knew the trial judge, or of her trial-experienced counsel, to raise any recusal question until after the hearing, and then only as an appeal issue when the revocation results were unappreciated. Obviously, a conscious decision was made by counsel at the hearing not to ask Judge Grant to recuse himself, which he undoubtedly would have done if asked. Strategy and waiver are seen in defendant's consideration of the recognized and admitted parole violation.