Edward John BRITTON, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–273

Supreme Court of Wyoming.

March 25, 1999.

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and T. Alan Elrod, Assistant Public Defender, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Melissa M. Swearingen, Student Intern, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

The question raised by Edward John Britton (Britton) is a claim of violation of the constitutional doctrine of separation of powers because of the *sua sponte* amendment at trial of the Information by the trial court. We agree in principle that a court is without authority under our constitutional scheme to control the charging of crimes. However, the claim that a *sua sponte* amendment of the Information was made by the trial court is not supported by the record. Our examination of the record persuades the Court that the suggested amendment was requested by the prosecuting attorney, and concurred in by counsel for Britton. The amendment did not adversely affect Britton's right to notice of the charges against him, and was not prejudicial to any of Britton's rights. The Judgment Upon Jury Verdict, the Sentence, and the Nunc Pro Tunc Sentence are affirmed.

Britton presents this statement of the issues in his Brief of Appellant:

Did the district court commit plain error with its *sua sponte* amendment?

a. Was the district court's *sua sponte* amendment of the charging information a clear and obvious violation of the Separation of Powers principle, which is a clear and unequivocal rule of law stated in Wyo. Const. Art. 2, § 1?

* Chief Justice at time of oral argument; retired    November 2, 1998.

b. Did the district court's error seriously affect the fairness and integrity of the judicial proceedings by adversely affecting Appellant's right to notice of the criminal charges?

c. Does the district court's error require reversal of Appellant's conviction because it is materially prejudicial to Appellant?

This statement of the issues is found in the Brief of Appellee, filed by the State of Wyoming:

Did the district court properly allow modification of the time period specified in the original counts of the information to permit the jury to find that appellant's criminal conduct occurred during the period from June to November, 1996?

Britton was charged with four separate counts of second-degree sexual assault upon a minor in violation of Wyo. Stat. Ann. § 6-2-303(a)(v). (Michie Repl.1988). In Counts I and II of the Information, it was alleged that Britton had inflicted sexual intrusion upon a child under the age of twelve by acts of oral and anal intrusion on or about June through July of 1996. Counts III and IV alleged that Britton had inflicted sexual intrusion upon a child under the age of twelve by acts of oral and anal intrusion on or about November 8, 1996.

The problem that developed at trial related to the absence of corroboration of Britton's admission of the conduct charged in Counts I and II. The trial court indicated that it might not submit those counts to the jury, and the prosecutor expressed concern because Counts III and IV were not supported by Britton's admission. The prosecuting attorney noted that the jury already had heard the taped interview in which Britton made that admission. Further colloquy led to the suggestion that only two counts be submitted to the jury with the time frame expanded to cover June through November of 1996. The trial court understood that colloquy as encompassing a request by the prosecutor to amend the Information. In response to an inquiry about prejudice to Britton, Britton's attorney answered candidly:

I don't see any, Judge. I don't think the evidence came out any differently than it would—I think it's borne out in the discovery. I think we were on notice with respect to the allegations, and so I don't perceive prejudice being done to the defendant if you expanded the time period.

The trial court then turned to a consideration of the proper way to instruct the jury on the remaining charges, which included an expansion of the time frame. The trial court suggested it would advise the jury that the "acts occurred in the June through November, 1996 time frame * * *." When asked for comments, the prosecutor reported that the State was satisfied, and Britton's counsel said he was satisfied.

The record is somewhat awkward with respect to the dismissal and submission of counts because it appears that Counts I and II were dismissed and Counts III and IV were submitted to the jury, with the time frame amended. The verdict, however, indicates conviction on Counts I and II. This discrepancy is not raised as an issue by Britton. Any error would be one of form only, because it is clear that the jury found Britton guilty of one count of second-degree sexual assault involving fellatio during the time period of June through November 1996 and one count of second-degree sexual assault involving anal intercourse during the same time frame. We conclude that there was no prejudice to any substantial right of Britton's because of this discrepancy that should induce the Court to pursue the problem any further.

The trial court then entered a Judgment Upon Jury Verdict, and about two-and-a-half months later, a Sentence was entered pursuant to which Britton was sentenced to a term of not less than fifteen years nor more than life on each count, with the sentences of incarceration to run concurrently; he was fined $2,000.00 in each count; a fixed dollar surcharge was assessed for each count; and restitution was ordered in the amount of $751.68 as well as $3,000.00 to reimburse the fees of court-appointed counsel. Britton appealed from the judgment and sentence, and after his appeal was taken, the trial court entered a Nunc Pro Tunc Sentence which corrected Britton's name because the middle

name of "James" was used at one point in the original Sentence.

■ Britton's argument is primarily premised upon his claim that the trial court, of its own motion, amended the charge in the Information without the participation of the prosecuting attorney, thus violating the separation of powers doctrine found in Wyo. Const. art. 2, § 1. Britton contends that plain error is present, which he must do in light of the fact that at trial Britton acquiesced in the amendments. When an issue is not raised at trial, the burden is upon the appellant to establish that plain error occurred. *Lozano v. State,* 751 P.2d 1326, 1327 (Wyo.1988); *see also Gresham v. State,* 708 P.2d 49, 55 (Wyo.1985). The failure to object at trial constitutes a waiver of any claimed error unless that error indeed rises to the level of plain error. *Bradley v. State,* 635 P.2d 1161, 1163–64 (Wyo.1981); *see also Leeper v. State,* 589 P.2d 379, 382 (Wyo. 1979). The criteria for applying the doctrine of plain error were adopted by this court in *Hampton v. State,* 558 P.2d 504, 507 (Wyo. 1977). As more recently stated, those criteria are:

> "First, the record must be clear as to the incident which is alleged as error. Second, the party claiming that the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced."

*Beintema v. State,* 936 P.2d 1221, 1224 (Wyo. 1997) (*quoting Bradley,* 635 P.2d at 1164). The burden of establishing that plain error is present is assigned to appellant even when the violation of constitutional rights is asserted. *Ketcham v. State,* 618 P.2d 1356, 1359 (Wyo.1980) (*quoting Madrid v. State,* 592 P.2d 709, 710 (Wyo.1979)).

■ Britton does not dispute the fact that no objection was raised at trial. He concedes that plain error must be discerned in order for his arguments to prevail. It is clear, in Wyoming, that if the charges had been amended by the trial court acting on its own motion, there would have been a violation of the doctrine of separation of the pow-

ers which are assigned to the executive and judicial departments in accordance with Wyo. Const. art. 2, § 1. *Petition of Padget,* 678 P.2d 870, 873 (Wyo.1984). The facts manifested in the record, however, do not support Britton's claim that the trial court acted on its own motion. Instead, the record reveals a proper amendment of the Information charging Britton with the alleged crimes.

After the State had rested its case, Britton moved for a judgment of acquittal. He specifically attacked the charges in Counts I and II, arguing to the trial court that the only evidence with respect to those counts was Britton's admission, and that admission was not corroborated by any of the State's evidence. At that juncture, the trial court stated that the jury would be instructed on two of the four counts that were charged, but the trial judge expressed doubt as to whether it would be appropriate to permit the other two counts to go to the jury. The trial court then deferred its ruling on the motion for judgment of acquittal.

Subsequently, when the trial court resumed its consideration of the motion for judgment of acquittal, the prosecuting attorney expressed concern because of the effect that the dismissal of Counts I and II would have with respect to Britton's confession. That concern essentially was that if those two counts were dismissed, and the remaining counts were limited to the November time frame that was charged, Britton's confession to the crimes charged in June and July could not be considered by the jury, although it already had received that evidence. The trial court manifested its understanding that the concerns expressed by the State effectively constituted a request to amend the Information. The record supports the conclusion that the amendment was premised on an initial request by the prosecuting attorney.

The amendment was made consistently with the provisions of W.R.Cr.P. 3(e), which provides:

> (e) *Amendment of information or citation.*—Without leave of the court, the attorney for the state may amend an information or citation until five days before a

preliminary examination in a case required to be tried in district court or until five days before trial for a case not required to be tried in district court. The court may permit an information or citation to be amended:

(1) With the defendant's consent, at any time before sentencing.

(2) Whether or not the defendant consents:

(A) At any time before trial if substantial rights of the defendant are not prejudiced.

(B) At any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

No additional or different offense was charged by virtue of the amendment. It also is clear that Britton's counsel acknowledged that Britton would not be prejudiced by the amendment and his counsel did not object to it.

The record demonstrates with clarity that the trial court did not make any independent amendment of the Information of its own motion. Instead, the record shows that the amendment was suggested by the prosecuting attorney, was approved by the trial court, and both the prosecuting attorney and Britton's attorney concurred in the amendment. We hold that the amendment of the Information was not accomplished by the trial court on its own motion, and no error occurred, plain or otherwise.

The Judgment Upon Jury Verdict, the Sentence, and the Nunc Pro Tunc Sentence are affirmed.