Howard **BLAKELY**, Appellant
(Defendant below),

v.

**STATE of Wyoming**, Appellee
(Plaintiff below).

No. 3834.

Supreme Court of Wyoming.

Sept. 9, 1970.

Christian S. Hinckley, McKinney, Hinckley & Hinckley, Basin, for appellant.

James E. Barrett, Atty. Gen., and Richard A. Stacy, Asst. Atty. Gen., Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Howard Blakely was convicted by the verdict of a jury in the district court of Big Horn County of the larceny of two calves. The case is before us for review on his appeal.

There was undisputed evidence at the trial that 20 to 30 head of the complainant's cattle broke into Blakely's hayfield; and that Blakely penned up two calves from the offending herd and drove the rest of complainant's cattle out. Blakely's defense against the charge of larceny was that he held the calves for the damages done by all of complainant's cattle.

It is true defendant at first denied to the owner that he knew where the calves were. That, of course, would be evidence which the jury was entitled to consider in determining whether defendant intended to steal the calves. However, it was not conclusive evidence of an intent to steal as the attorney general's office seems to suggest. Defendant was still entitled to present his defense that he merely held the calves for damages and not with an intent to steal them.

In keeping with defendant's theory, he offered two instructions which were denied by the trial court. We need to examine these proffered instructions to see if defendant was denied full opportunity to present his defense that the calves were held for damages without an intent to steal them.

We are convinced the defendant was prejudiced in this regard and that he is entitled to a new trial.

### Offered Instructions

The defendant offered and the court refused the following two instructions which are identified as instruction A and instruction B:

### INSTRUCTION NO. A

"You are instructed that Wyoming Statute, Section 11–542, 1957, reads that a person suffering damage done by breachy animals, may restrain and keep in custody as many of such animals as are equal in value to the damage done. The person damaged by such offending animals may restrain the animals until the damages are ascertained by a finding of the court, unless before such finding of the court, the amount of the claim and the expense of keeping the animals is tendered to the injured party."

### INSTRUCTION NO. B

"To constitute larceny there must exist in the mind of the perpetrator, at the time of the taking of the property, the

specific intent to permanently deprive the owner of his property."

The question before us is not whether Blakely actually had a right, under § 11–542, W.S.1957, to hold the two calves which belonged to complainant, Wilder T. Hatch; it is whether Blakely thought he had a right to hold the calves for damages and whether he was doing so without intending to steal the calves.

There was indeed substantial evidence that defendant was holding the calves for damages. Such evidence included but was not limited to defendant's testimony that such was his purpose. Thus, § 11–542 was relevant to defendant's defense.

In MacManus v. Getter Trucking Company, Wyo., 384 P.2d 974, 976–977, an instruction which set forth language contained in a certain statute was offered and refused. We found the statute relevant and said the court should have instructed the jury concerning it; that error lay in withholding an instruction pertinent to the issues involved; that if the court deemed it necessary to amplify or further instruct the jury, that was its privilege; but to leave the jury in ignorance of the law involved deprived the party who offered the instruction of a fair trial.

■ We do not pretend to say Blakely's requested instruction A was necessarily free from criticism. Neither do we say instruction B was entirely correct. However, the two requests made by defendant, after he offered substantial evidence tending to show that he intended to hold Hatch's calves for damages and did not intend to steal them, were at least sufficient to apprise the court of the theory of defendant's defense and to make it incumbent upon the court to give one or both of the instructions or to otherwise properly instruct on the matter of intent and defendant's theory of the case.

Rule 31, W.R.Cr.P., provides that instructions to the jury shall be given and objections thereto made at the time and in the manner provided for the giving of instructions and the making of objections

thereto in the Wyoming Rules of Civil Procedure. Rule 51, W.R.C.P., specifies that, before the argument of the case to the jury is begun, the court shall give to the jury such instructions on the law of the case "as may be necessary."

In order to meet the basic requirements of due process, it was necessary for the court in Blakely's trial to instruct on defendant's theory of the case and to instruct correctly on the need for the jury to find, in order to convict Blakely, that he held Hatch's calves with the intent to steal them.

State v. Hickenbottom, 63 Wyo. 41, 178 P.2d 119, 127–131, was similar to the case we are now concerned with, except the defense in that case was that defendant thought he owned the sheep he was accused of stealing. He offered and the court refused the following instruction:

"You are instructed that if you find from the evidence that the defendant had reason to believe, and did honestly believe, that the sheep in question in this case, were his own, then you will find the defendant not guilty."

The state conceded in *Hickenbottom,* as the state also concedes in Blakely's case, that the accused in a criminal case is entitled to instructions defining the law applicable to his theory and covering his defense if there is competent evidence tending to substantiate his theory. We have already said such evidence was present in Blakely's trial.

It was urged in Hickenbottom that other instructions on the matter of criminal intent were sufficient without the instruction offered by defendant. For example, the jury was instructed that:

"* * * the felonious intent charged in the information is one of the material elements of the crime charged and it is incumbent on the State to prove such felonious intent beyond all reasonable doubt."

Even this kind of instruction was absent in Blakely's trial. The state attempts to

argue nevertheless that it was sufficient for the court to tell the jury the state must prove every material allegation, including that defendant "did wilfully, maliciously and unlawfully steal."

Speaking for the court in Hickenbottom, at 178 P.2d 128, Chief Justice Riner conceded the instructions there dealt with the matter of criminal intent. He said, however, the instructions nowhere affirmatively stated that an honest belief on the part of defendant in his ownership of the sheep would be a good defense. The writer of the opinion then proceeded to review a number of cases supporting his position.

He concluded, at 178 P.2d 131, that it was made clear from the authorities reviewed that Hickenbottom's requested instruction, "or one similar to it," should have been given; that it was prejudicial error to refuse it; and that defendant had a right to have his main defense in the case "affirmatively" presented to the jury.

In Pixley v. State, Wyo., 406 P.2d 662, 669, we spoke of "fundamental error" in connection with instructions given by a trial court. We implied such error, whether objected to or not, would be grounds for reversal.[1] In the case before us, we have already indicated we consider the court's failure to cause Blakely's main defense to be affirmatively presented to the jury sufficiently serious to amount to a denial of due process.

When we say, as we do say, that it was necessary for the jury to be apprised of Blakely's main defense and the law pertaining thereto, it becomes apparent that the trial court was required to instruct on such defense by reason of the provisions of Rule 51, W.R.C.P.

None of the instructions given, however, were sufficient to affirmatively present to the jury Blakely's main defense—that he held the calves for damages with no intent to steal them. The judgment of the district court must therefore be reversed and the case remanded for a new trial.

Reversed.

---

1. For other cases where courts have recognized, as we did in *Pixley*, that a reviewing court will review fundamental errors in instructions regardless of the sufficiency of exceptions—especially if defendant is denied due process—see the following: Austin v. State, Okl.Cr., 419 P. 2d 569, 571; State v. Hines, 6 Utah 2d 126, 307 P.2d 887, 888; Pugh v. State, Okl.Cr., 416 P.2d 637, 638; State v. Turner, 249 Or. 145, 437 P.2d 118; State v. Braley, 224 Or. 1, 355 P.2d 467, 468; State v. Peterson, 121 Utah 229, 240 P.2d 504; State v. Harrison, 72 Wash.2d 737, 435 P.2d 547, 548; and State v. Dean, 70 Wash.2d 66, 422 P.2d 311.