**INTERNATIONAL SECURITY LIFE INSURANCE CO., Appellant,**

v.

**P. G. BEAUCHAMP, Appellee.**

No. 8094.

Court of Civil Appeals of Texas, Amarillo.

Feb. 22, 1971.

Bryan & Amidei, Frank H. Pope, Jr., Fort Worth, for appellant.

Ray D. Anderson, Jack B. Cowley, Brownfield, for appellee.

ELLIS, Chief Justice.

P. G. Beauchamp, Appellee, brought suit against International Security Life Insurance Company, Appellant, upon a claim for expenses incurred for hospitalization of

Bertie Beauchamp, wife of Appellee, allegedly covered by a medical and hospitalization insurance policy issued by appellant insurance company. Appellant answered by general denial and additionally urged in defense certain provisions, limitations and exclusions allegedly contained in the policy of insurance. Also, in Appellee's petition Appellant was given notice to produce the insurance policy in court or its contents would be proved by secondary evidence.

The case was tried before the court without a jury, at which trial Appellant did not appear, although according to the testimony of the deputy county clerk, she had mailed notice of the trial setting to Appellant's attorneys more than ten days prior to the date of the trial. Appellant did not furnish the insurance policy as requested, and Appellee did not introduce the policy into evidence at the trial, but sought to prove the contents of the policy and his claim for indemnity thereunder by Appellee's oral testimony. The evidence introduced during the trial is set out in a narrative statement of facts, and the court entered judgment against Appellant for "reasonable medical expenses" in the amount of $357.15, 12 per cent penalty in the sum of $42.85, attorney's fees in the amount of $200.00 and an additional sum of $350.00 as attorney's fees in the event of appeal. From such judgment Appellant has brought this appeal.

Various points of error and counterpoints have been briefed by Appellant and Appellee, respectively.

■ Appellant contends in its first point of error that the court erred in entering judgment for Appellee because he failed to offer into evidence the insurance policy upon which the suit was alleged to have been based and thereby failed to prove up the contract forming the basis for his claim against the Appellant.

The Appellee made general allegations in his petition regarding the coverage under the terms and conditions of the policy, stating therein that all of such terms and conditions "are fully set out in said policy and reference to which is here made for all purposes." In his petition Appellee identified the policy as being policy number CP 8724, and further alleged that "this policy of insurance, terms and conditions are well known to the Defendant." Also, since Appellant was called upon to produce the policy in court and failed to do so, it cannot validly complain of the failure of Appellee to introduce the policy into evidence at the trial provided competent secondary evidence of the contents of the policy was submitted. The testimony of Appellee, in effect, stated in general terms that there was an insurance policy existing between himself and Appellant, identifying the same by number. Also, he alleged that his wife, Bertie Beauchamp, was insured under the policy and that she suffered a sickness covered by the policy while it was in force. He further alleged that he gave the required proof of loss, notice and demand for payment and was entitled to indemnities for expenses incurred as a result of his wife's said sickness covered under said policy. Although the insurance policy was not introduced into evidence during the trial, in view of the allegations set out in the pleadings of the respective parties, it appears that both parties can be reasonably charged with sufficient general familiarity with and knowledge of the essential contents of the policy. The Appellant admitted in its pleadings, the existence of an insurance policy issued by Appellant to Appellee, and further pleaded a specific affirmative defense and certain exceptions, limitations and exclusions in broad and general fashion by reference to specific numbered subdivisions in the policy, to which pleadings Appellee did not except. Under these circumstances, it appears that Appellant is not in a position to justify its complaint regarding the failure of Appellee to introduce the policy of insurance into evidence. Mere proof of the existence and general nature of the contents of the insurance contract, however, without competent evidence to estab-

lish the breach thereof is insufficient to sustain a judgment against the insurance company.

Among other points, the Appellant urges that the trial court erred in entering judgment for Appellee because (1) there was no competent evidence to prove that the charges made by the Lubbock Osteopathic Hospital and Dr. Robert Burns were reasonable, usual and customary or collectible; and (2) Appellee failed to negative the exceptions, limitations and exclusions pleaded by Appellant as defenses in its original answer.

The entire evidence regarding the charges made is the testimony of P. G. Beauchamp, Appellee, as set out in the narrative statement of facts as follows:

" * * * while said policy of insurance was in effect and on or about the 21st day of September, 1969, his (P. G. Beauchamp's) wife, Bertie Beauchamp, an insured under the policy was confined to Lubbock Osteopathic Hospital, Lubbock, Texas as a result of sickness covered by the policy; that at the time she was admitted to the hospital she complained of being sick and that she was taken to the hospital for treatment of such sickness; that while confined in the hospital she was treated by Dr. Robert Burns and upon being discharged from the hospital no longer complained of the sickness but appeared to be cured; that as a result of the sickness and confinement hospital and medical expenses were incurred in the amount of $357.15; that in his opinion these charges were reasonable, usual and customary charges made by the hospital and doctor and were necessary to the care of Bertie Beauchamp, and that they were expenses covered under the hospital policy; * * *."

To enable a witness to give admissible opinion evidence as to any matter not ordinarily within the realm of common knowledge, it must be shown that the person giving such opinion possesses a higher degree of knowledge in this matter than the ordinary person or the jury or other trier of the facts. Watkins Land Mortgage Company v. Campbell, 98 Tex. 372, 84 S.W. 424 (1905). Also, it is well established that the party offering the witness has the burden of proving his qualifications. Woods v. Rustay, Martin & Vale, 430 S.W.2d 543 (Tex.Civ.App.—Houston, 14th District, 1968, ref'd n. r. e.). There is no evidence in this case that the Appellant, P. G. Beauchamp, possesses any special qualifications to testify as to the usual and customary hospital charges for alleged services rendered in Lubbock, Texas, or elsewhere. The only evidence regarding medical and hospitalization expenses is that they were incurred and only the Appellant's opinion as to reasonableness. We hold that this testimony is not sufficient to support the claim that such charges are reasonable. Pelham Manufacturing Company v. Ridlehuber, 356 S.W.2d 502 (Tex.Civ.App.—Waco 1962, ref'd n. r. e.). Also, we find no evidence to establish the qualifications of Doctor Burns, with respect to training in the healing arts or otherwise, and no basis has been established for recovery of expenses for his services. In the absence of proof of the qualifications of Doctor Burns, no recovery for his services is permissible herein. In this connection, see San Antonio Street Ry. Co. v. Muth, 7 Tex.Civ.App. 443, 27 S.W. 752 (1894).

In view of the foregoing, we hold that Appellant has failed to establish by competent evidence that the charges of Dr. Robert Burns or Lubbock Osteopathic Hospital were reasonable, usual and customary.

Appellant also contends that Appellee has failed by both pleading and proof to negative the provisions, exclusions and limitations contained in the policy in question and pleaded as defenses by Appellant in its original answer. It is here noted that Appellant answered not only by general denial, but pleaded affirmatively that the hospitalization expenses sued for were for the principal purpose of diagnosis and ex-

amination and also pleaded as defenses, in broad and general fashion by reference to specific numbered parts of the policy, various provisions, exclusions and limitations contained in the policy.

■ It was held in Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex.Sup., 1967) that the burden of proof is upon the insured (Appellee) to negative the exclusions and limitations contained in the policy and pleaded as a defense by defendant's answer. In this case, the court held, also, that defensive pleadings of policy exclusions in a broad and general fashion (similar to Appellant's defensive pleadings in this case) were sufficient, in the absence of exceptions, to meet the requirements of Rule 94, Texas Rules of Civil Procedure, that such defensive matters be alleged "specifically."

■ Appellee contends that the testimony of Appellee, P. G. Beauchamp, to the effect that all the terms and conditions under the policy of insurance in question had been complied with by Appellee before bringing this suit and that the sickness of Appellee's wife was a sickness covered under the policy is sufficient to discharge his burden to negative the affirmative defense and all of the provisions, exclusions and limitations which have been specially pleaded and urged as defenses by the Appellant. Appellee's testimony which failed to show special qualifications, expertise and competence on his part to testify in regard to all of the various matters specially pleaded and urged by Appellant by way of exceptions, limitations and exclusions, some of which even involve special medical skills and other expert knowledge obviously not possessed by the witness, does not constitute competent evidence sufficient to negative all of such specially pleaded defenses, although such testimony was not objected to at the time of the trial. In support of his position, Appellee has cited the case of Walker v. Fields, 247 S.W. 272 (Comm. of App., 1923) wherein the court admitted certain testimony, which if objected to, would have been excluded under the dead man's statute, but such case is distinguishable from the instant case in that under the dead man's statute the right exists by virtue of the statute to have the testimony excluded because of its particular nature, and failure to exercise such right to exclude such evidence constitutes a waiver and the evidence is admissible and can be considered for whatever relevance and probative force it may have. In this case, however, the fundamental question relates primarily to the competence of the evidence, and it is well established in this state that incompetent evidence, although admitted without objection, has no probative force. Dallas Railway & Terminal Co. v. Bankston, Tex.Comm.App., 51 S.W. 2d 304 (holding approved by Supreme Court); Webb v. Reynolds (Comm.App., 1919) 207 S.W. 914.

We hold that the evidence is insufficient to support the judgment entered by the trial court. In view of our holding on the points raised by the Appellant concerning the insufficiency of competent evidence with respect to the charges sued upon and Appellee's failure to sustain his burden of proof to negative the exceptions, limitations and exclusions urged as defenses by Appellant, we deem it unnecessary to discuss the remaining points raised.

Because of the insufficiency of the evidence, this case should be reversed and remanded for a new trial to enable the parties to more fully develop their evidence.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.