**Jonathan THOM, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

**No. 89–163.**

Supreme Court of Wyoming.

May 15, 1990.

Lee E. Karavitis, Casper, for appellant (defendant).

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Paul S. Rehurek, Sr. Asst. Atty. Gen., for appellee (plaintiff).

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant Jonathan Thom appeals from his conviction of aggravated assault and battery.

We affirm.

Appellant presents the following issues:[1]

1. Did the district court err in refusing to give Appellant's proposed instructions?

2. Did the district court commit error by its refusal to dismiss Count II of the information?

3. Did the district court err in allowing a number of miscellaneous errors which cumulatively prejudiced the defense?

4. Did the district court err in refusing to grant Appellant's motion to dismiss Count I and Count II?

On the evening of September 17, 1988, Appellant and his wife, Kristina, went to the Beacon Club in Casper, Wyoming, to celebrate a friend's birthday. After Appellant and Kristina consumed a disputed amount of alcohol, Appellant became upset with Kristina and decided to walk home. Kristina and her friend, Penny Sutton, remained at the bar for about twenty minutes and then drove to Kristina's and Appellant's home. Because she feared ramifications from her earlier dispute with Appellant, Kristina decided to take their two children and her child from a previous marriage to Ms. Sutton's house. Appellant arrived at the residence to find Ms. Sutton and the three children in a pickup, which had its doors locked and its engine running. Kristina had gone back into the house to get clothes for the children. After Appellant tried to open a locked door of the pickup, he removed one of his cowboy boots and used it to break out the window of the door on the driver's side. Appellant took the key to the ignition, went to his semi-truck, and retrieved his Ruger .44 magnum caliber revolver. He went into the house and found Kristina in one of the children's bedrooms. Kristina testified that Appellant pointed the gun at her chest and threatened to kill her. When he glanced away, Kristina rushed Appellant, and the gun fell to the floor. They struggled in a hallway and eventually ended up in another bedroom. Appellant pinned Kristina down on a bed until she managed to strike him with a lamp and escape his grasp. Appellant retrieved the gun once again and, according to Kristina, pointed it at her chest and said, " 'I'm going to kill you. I'm going to go get the kids. I'm going to kill them. Then I'm going to kill myself.' "

---

[1] Appellant's brief was deficient for several reasons: It did not contain a statement of the issues presented for review, and it did not include the mandatory appendices. Because of the brevity of the record and the relative simplicity of the issues presented, we have opted not to dismiss the appeal.

In the meantime, Ms. Sutton had taken the children to the neighbors' house and telephoned for help. When a sheriff's deputy arrived, Appellant threw the gun on a bed, and Kristina ran out of the house. Appellant chased Kristina until he was apprehended and restrained by a deputy. Appellant was charged with two counts of aggravated assault and battery in violation of Wyo.Stat. § 6-2-502 (1977). Appellant pleaded not guilty to both counts.

On January 26, 1989, a jury returned a verdict of not guilty on Count I of aggravated assault and battery and a verdict of guilty on Count II of aggravated assault and battery. The district court sentenced Appellant to a minimum of thirteen months and a maximum of sixteen months in the Wyoming State Penitentiary. This appeal followed.

■ Appellant's first assignment of error challenges the district court's refusal to give any of his proposed instructions which delineated his main theory of defense. Appellant proposed, and the district court refused to give, the following instructions:

JURY INSTRUCTION NO. A

YOU ARE INSTRUCTED that:

A parent may justify an assault and battery in defense of his children even to the killing of an assailant in the necessary defense of the child.

The law recognizes the power of parental affection and excuses acts which in the absence of the parent-child relation would be punished.

All that the law requires is that the parent should act in good faith and upon reasonable appearances of imminent danger to the child; the law will then hold him guiltless, even though it may afterward turn out that he might have saved the child by pursuing some other course.

JURY INSTRUCTION NO. B

YOU ARE INSTRUCTED that:

It is lawful for a person to defend himself and others from attack if he has reasonable grounds for believing and does believe that bodily injury is about to be inflicted. In doing so he may use all force and means which he believes to be necessary and which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent.

JURY INSTRUCTION NO. C

YOU ARE INSTRUCTED that:

One who has reasonable grounds to believe that another will endanger his life or limb, or cause him serious bodily harm, or endanger his child's life or limb or cause his children serious bodily harm, has a right to arm himself for the purpose of resisting such injuries.

JURY INSTRUCTION NO. D

YOU ARE INSTRUCTED that:

To justify acting in self-defense, whether in one's own behalf or on behalf of another, it is not necessary that the danger was real, or that the danger was impending and immediate, so long as the defendant had reasonable cause to believe and did believe these facts. If these two requirements are met, acting in self-defense was justified even though there was no intention on the part of the other person to do him harm, nor any impending and immediate danger, nor the actual necessity for acting in self-defense.

JURY INSTRUCTION NO. E

YOU ARE INSTRUCTED that:

It is the right and duty of parents under the law of nature and the law of the state to protect their children.

Each parent has an equal duty to protect the child and cannot stand passively by and refuse to do so when it is reasonably within his power.

It is the parent's duty to guard his child from danger and he is bound to provide such reasonable protection as an ordinarily prudent person solicitous for the welfare of the child would deem necessary.

JURY INSTRUCTION NO. F

YOU ARE INSTRUCTED that:

Wyoming Statutes provide that it is unlawful for any person to operate a motor vehicle while he is under the influence of intoxicating liquor to a degree which renders him incapable of safely driving such vehicle.

The jury was instructed, *inter alia,* that:

The necessary elements of the crime of aggravated assault and battery as contained in Counts I and II are:

1. The crime occurred within the County of Natrona on or about the date of September 18, 1988; and

2. The defendant threatened to use;

3. A drawn deadly weapon;

4. on another, namely Kristina Thom.

5. Not reasonabl[y] necessary to defend his person, property or abode or to prevent serious bodily injury to another.

We have stated several times that a defendant has the right to have instructions on his theory of the case or his theory of defense presented to the jury if the instructions sufficiently inform the jury of the theory or defense and if competent evidence exists which supports the law expressed in the instructions. *Smith v. State,* 773 P.2d 139 (Wyo.1989); *Best v. State,* 736 P.2d 739 (Wyo.1987); *Noetzelmann v. State,* 721 P.2d 579 (Wyo.1986). In *Miller v. State,* 755 P.2d 855, 864 (Wyo. 1988), we also said:

The court may properly refuse incorrect or inapplicable statements of the law. The court may also refuse a requested instruction, even if correct, where the principles of the instruction have been covered properly and sufficiently by other instructions.

(Citation omitted.)

We understand Appellant's theory to be that his use of a deadly weapon was justified because he believed Kristina's driving ability was impaired and he was trying to prevent serious bodily injury to the children by precluding Kristina from driving a vehicle containing them. That theory, however, was not supported by competent evidence. To the contrary, Kristina testified that Appellant threatened to kill the children. A threat to kill someone is not consistent with the assertion that one seeks to protect him from serious bodily injury. In addition, by the time Appellant threatened Kristina, he had already impeded her immediate departure with the children by taking the ignition key for the pickup.

The instructions given by the district court properly and sufficiently informed the jury of the elements of aggravated assault and battery, which included the element that the threat must not have been reasonably necessary to prevent bodily injury to another person. Because Appellant's proposed instructions were not supported by competent evidence, we hold that the district court did not commit reversible error by refusing to give them to the jury.

 Appellant also contends that the district court erred by failing to dismiss Count II of the information, because his actions were part of a continuing course of conduct and constituted only one chargeable offense. In his appellate brief, Appellant does not state whether his alleged error is premised upon a violation of double jeopardy or an erroneous interpretation of the aggravated assault and battery statute.[2] Nevertheless, this Court has previously held that an individual may be charged with and convicted of multiple violations of one criminal statute when only one victim is involved. *Hamill v. State,* 602 P.2d 1212 (Wyo.1979). In *Hamill,* we stated:

[W]here separate and distinct incidents of sexual assault occur in different ways,

---

**2.** We fail to perceive the necessity of analyzing Appellant's contention as a double jeopardy query. Although Appellant was charged with two violations of the same statutory provision, he was convicted of only one violation. Even if a defendant's actions constitute a single offense, the double jeopardy clauses of the fifth amendment of the United States Constitution and of Art. 1, § 11 of the Wyoming Constitution do not preclude multiple charges for the same offense in a single trial. *See State v. Anderson,* 212 Conn. 31, 561 A.2d. 897 (1989); *State v. Devino,* 195 Conn. 70, 485 A.2d 1302 (1985).

each in a different time period or where the same type of sexual assault occurs more than once on the same victim in different time periods, each incident constitutes a separate definable criminal offense which can be prosecuted individually.

*Id.* at 1216. We held that the multiple charges of sexual assault were proper because "[e]ach act charged against the appellant required proof of different facts." *Id.*

The principle established by *Hamill* applies in this case. The State alleged and attempted to prove that Appellant assaulted Kristina in two different rooms of their house. Each of the two alleged assaults required proof of different facts and, therefore, could be charged separately. The district court properly denied Appellant's motion to dismiss Count II of the information.

Appellant asserts that the district court committed a number of miscellaneous errors which cumulatively prejudiced his defense. As we stated in *Justice v. State*, 775 P.2d 1002, 1011 (Wyo.1989), "A claim of cumulative error depends upon error being recognized." No error exists in this case.

■ Finally, Appellant contends that the district court erred by denying his motion to dismiss both counts contained in the information, because his threats were conditioned upon Kristina's attempt to leave their home with the children. Appellant's contention is meritless. Section 6–2–502(a)(iii) states:

(a) A person is guilty of aggravated assault and battery if he:

\* \* \* \* \* \*

(iii) Threatens to use a drawn deadly weapon on another \* \* \*[.]

That provision does not require an unconditional threat.

Affirmed.