Randall Lee OIEN, Appellant
(Defendant),

v.

STATE of Wyoming, Appellee
(Plaintiff).

No. 89–203.

Supreme Court of Wyoming.

Aug. 17, 1990.

Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Wyoming Defender Aid Program, David M. Williams, Student Intern, WDAP, and Nicholas H. Carter, Student Intern, WDAP, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Mary B. Guthrie, Sr. Asst. Atty. Gen., for appellee.

Before CARDINE, C.J.,* and THOMAS, URBIGKIT, MACY, and GOLDEN, JJ.

URBIGKIT, Chief Justice.

Randall Lee Oien (Oien) appeals his felony conviction of escape from official detention [1] and misdemeanor conviction of interference with a peace officer.[2] We reverse both convictions and remand for retrial.

Oien argues successfully for the reversal of his felony conviction of escape from official detention by addressing whether the trial judge committed reversible error when he refused to give a theory of the defense jury instruction. The requested instruction was intended to inform the jury that intention without seizure cannot constitute an arrest. We consider whether the instruction was needed to encompass Oien's theory of the case for defense to the charge of escape from detention because an arrest was a necessary element to that charge under the factual circumstances. The requested instruction made visible the narrow distance between the definitions of resisting arrest and escape from detention following arrest. It is the thin line between his conviction of a misdemeanor or a felony as arguably embracing about the same general conduct.

Oien also successfully argues for the reversal of his misdemeanor conviction of interference with a peace officer. This issue requires us to consider whether the trial court abused its discretion by allowing the prosecutor to introduce into evidence the judgment and sentence of Oien's guilty plea for breach of the peace relating to prior events at the residence where he lived with his girlfriend.

We reverse and remand.

## I. ISSUES

Oien's appeal questions:

I. Whether the evidence was insufficient as a matter of law to support a conviction of escape from official detention where at most the evidence shows a confrontation and a struggle during an unsuccessful attempt to arrest, followed by flight.

II. If the court should find a sufficiency of the evidence to convict appellant under W.S. Sec. 6–5–201, whether the court below still committed prejudicial error in failing to instruct the jury after a request that "a person cannot be said to be under arrest when merely an intention or attempt to take, seize, or detain him occurs, resulting in no seizure or control over the person."

III. Whether the conviction for interference with a police officer can stand

---

* Chief Justice at time of oral argument.

1. W.S. 6–5–206 provides in pertinent part:
    (a) A person commits a crime if he escapes from official detention. Escape is:
    $*$ $*$ $*$ $*$ $*$ $*$
    (ii) A felony punishable by imprisonment for not more than three (3) years, a fine of not more than three thousand dollars ($3,000.00), or both, if the detention is the result of:
    $*$ $*$ $*$ $*$ $*$ $*$
    (B) An arrest or charge for a crime.

2. W.S. 6–5–204(a) provides:
    A person commits a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both, if he knowingly obstructs, impedes or interferes with or resists arrest by a peace officer while engaged in the lawful performance of his official duties.

where the evidence shows that the officer was not engaged in the lawful performance of his duties because a.) there was no probable cause for the arrest of the appellant for breach of peace; and b.) the officer was actually attempting to illegally seize the appellant's house keys. IV. Whether the court below erred in permitting the prosecution to inquire of the defendant about his guilty plea to breach of the peace, and compounded the error by admitting the judgment and sentence following that plea, when the plea concerned behavior at the defendant's home and the prosecution's theory was that the breach of the peace occurred later at the Poison Spider Mini Mart. V. Whether the court below erred in excluding the recording or transcript of the prior guilty plea proceeding in that the jury was misled as to its significance and the defendant was deprived of the opportunity to explain.

Our affirmative answers to Oien's second and fourth issues are dispositive. The error identified in the second issue violated due process[3] and requires reversal of the felony conviction of escape from official detention. *See Phillips v. State,* 760 P.2d 388, 391 (Wyo.1988); *Best v. State,* 736 P.2d 739, 744 (Wyo.1987); *Goodman v. State,* 573 P.2d 400 (Wyo.1977); and *Blakely v. State,* 474 P.2d 127 (Wyo.1970). "The right to an instruction * * * rests upon the conditions precedent * * * [that] the offered instruction [is] sufficient to inform the court of the defendant's theory and there [is] *competent* evidence in the record to support the theory." *Goodman,* 573 P.2d at 408 (emphasis in original). The "error lay in withholding an instruction pertinent to the issues involved * * *."

*Blakely,* 474 P.2d at 129. Wyoming's Due Process Clause requires the trial court to present the defendant's theory of the case or defense affirmatively to the jury by way of instruction—whether by a requested instruction or one similar to it.[4] *Id.* The error identified in the fourth issue constituted an abuse of discretion on the part of the trial judge and requires reversal of the misdemeanor conviction for interference with a peace officer.

## II. FACTS

Officer Dale (Dale) of the Mills Police Department responded to a call from Larry Nicholson (Nick). Nick called the Mills police because of a domestic disturbance involving Oien where Nick lived with his mother Bonnie Johnson (Johnson) and Oien. Once Dale was inside the mobile home, Johnson requested that he ensure Oien leave. Dale indicates Oien's temper was quite active when Dale arrived but that Oien did agree to leave. As Oien and Dale prepared to leave, Johnson indicated she needed her house keys and that Oien had them. Oien handed Dale a set of keys which Dale then gave to Johnson before offering to drive Oien where he needed to go. Johnson told Dale that her house keys were not among those keys Dale had handed her. Oien left the mobile home at this point and Dale watched him head toward Poison Spider Road. Dale got into his cruiser and quickly pulled along side and again offered to drive Oien. This time Oien accepted.

Pulling up to the Poison Spider Mini Mart, Dale again requested that Oien give up his house keys. According to Dale, Oien exited the vehicle with a litany of expletives trailing behind and by the time

3. Wyo. Const. art. 1, § 6 provides that "[n]o person shall be deprived of life, liberty or property without due process of law."

4. The central rule of criminal proceeding that the defendant is entitled to a theory of the defense instruction, if the instruction correctly states the law and facts in evidence support the theory, is universally followed in American jurisdictions. As illustrative, see *United States v. Lopez,* 885 F.2d 1428 (9th Cir.1989); *United States v. Duncan,* 850 F.2d 1104 (6th Cir.1988); *United States v. Cooper,* 812 F.2d 1283 (10th Cir.1987); *United States v. Meyer,* 808 F.2d 1304 (8th Cir.1987); *People v. Fuller,* 781 P.2d 647 (Colo.1989); *State v. Pinero,* 70 Haw. 509, 778 P.2d 704 (1989); *People v. Garcia,* 169 Ill.App.3d 618, 120 Ill.Dec. 81, 523 N.E.2d 992 (1988); *State v. Broughton,* 425 N.W.2d 48 (Iowa 1988); *Pace v. Com.,* 561 S.W.2d 664 (Ky.1978); *State v. Popescu,* 237 Mont. 493, 774 P.2d 395 (1989); *Brooks v. State,* 103 Nev. 611, 747 P.2d 893 (1988); and *State v. Standiford,* 769 P.2d 254 (Utah 1988).

Dale got out of the cruiser, Oien was yelling. Oien indicates he did not yell expletives to Dale, but that he definitely informed Dale he was keeping his own keys. In any event, Dale and Oien were apparently eyeball to eyeball when Dale stepped back and told Oien he was under arrest for disturbing the peace. Oien fled toward the Oregon Trail Bar parking lot. Dale followed in his cruiser to the parking lot where he says he attempted to restrain Oien. That attempted restraint occasioned a scuffle which was quickly joined by Deputy Moore of the Natrona County Sheriff's Department. Dale reported he lost his grip on Oien just before Oien struck him hard in the testicles and fled as Dale dropped to his knees.

Oien was brought to trial for a felony charge of escape from official detention and a felony charge of interference with a peace officer by causing bodily injury.

The trial court judge refused this jury instruction requested by Oien.

> You are instructed that, in Wyoming, an arrest is effectuated when there is the taking, seizing, or detaining of the person of another by touching or putting hands on him, or by an act which indicates an intention to take him into custody and which subjects him to the actual control and will of the person making the arrest, or by the consent of the person to be arrested. Such arrest must also be made under real or pretended legal authority and result in the actual or constructive seizure or detention of the person ar[r]ested or his voluntary submission into custody. *A person cannot be said to be under arrest when merely an intention or attempt to take, seize, or detain him occurs, resulting in no seizure or control over the person.*

(Emphasis added.)

Instead the trial court judge gave the following instruction:

> You are instructed that an *arrest is* the *taking, seizing, or detaining* of the person of another, (1) *by touching* or putting hands on him; (2) *or* by any act that indicates an *intention* to take him into custody *and* that subjects him to the actual *control and will* of the person making the arrest; *or* (3) by the *consent* of the person to be arrested.
>
> To effect an arrest, there must be actual or constructive seizure or detention of the person arrested, or his voluntary submission to custody, and the restraint must be under real or pretended legal authority.

(Emphasis added.)

Oien's counsel specifically objected and articulated the grounds to that objection. Oien was convicted of the felony of escape from official detention and was convicted of a lesser included misdemeanor interference with a peace officer charge[5] instead of the felony interference charge.[6] This appeal followed.

## III. STANDARDS OF REVIEW

### A. *Appeal from a Refused Jury Instruction*

■ Our standard of review of an appeal from a refused jury instruction contains two prongs of inquiry. *Thom v. State,* 792 P.2d 192 (Wyo.1990). The purpose to these two lines of questioning is to ascertain whether the defendant is protected by due process guarantees to the accused during an appeal. The first general question looks to see if the defendant is entitled to the requested theory of the case or defense jury instruction—assuming competent evidence was developed during trial to underpin that request. The second general question looks to see if the defendant actually developed competent evidence during the trial to underpin that request. The first prong is made up of an array of questions while the second prong is usually made up of one question. *See Thom,* 792 P.2d 192;

---

5. *See* n. 2, *supra.*

6. W.S. 6–5–204(b) provides:
   A person who intentionally and knowingly causes or attempts to cause bodily injury to a peace officer engaged in the lawful performance of his official duties is guilty of a *felony* punishable by imprisonment for not more than ten (10) years.
   (Emphasis added.)

*Thomas v. State,* 784 P.2d 237 (Wyo.1989); *Keller v. State,* 771 P.2d 379 (Wyo.1989); *Phillips,* 760 P.2d 388; *Griffin v. State,* 749 P.2d 246 (Wyo.1988); and *Best,* 736 P.2d 739.

██ A trial court violates Wyoming's constitutional due process guarantee when it fails to give to the jury the defendant's theory of the case or defense instruction if that theory properly articulates Wyoming law, is not presented by another instruction, and has competent evidence to underpin the request. "When these conditions are satisfied, due process requires the trial court to give a correct instruction to the jury *encompassing* the defendant's theory of the case." *Best,* 736 P.2d at 744 (emphasis added). When the conditions precedent are met, the right of a defendant to present a theory of the case or defense is a fundamental right. *See Blakely,* 474 P.2d at 130.

### Prong I: Theory of the Case or Defense Instruction

██ Our analysis at this level looks to the reasoning behind the refusal of the requested instruction by the trial judge. We begin by looking to ensure that the requested instruction "contain[s] a proper enunciation of the law in Wyoming" as it relates to the theory of the case or defense advanced by the defendant. *Phillips,* 760 P.2d at 391. *See United States v. Coin,* 753 F.2d 1510 (9th Cir.1985). It is critical that instructions correctly articulate Wyoming law because it is from the instructions that a jury decides if someone is to be found guilty or not guilty. "If part of an instruction is erroneous, a trial court may properly reject the entire instruction." *Griffin,* 749 P.2d at 256. Although the trial court has "no duty to excise objectionable portions of an instruction and rephrase it to properly state the law of the case," the defense counsel is not foreclosed from doing so. *Evans v. State,* 655 P.2d 1214, 1218 (Wyo.1982). An instruction can also be refused without offending the defendant's due process guarantee if it is patently argumentative or unduly emphasizes one aspect of the case. *Thomas,* 784

P.2d at 240. *See State v. Johns,* 112 Idaho 873, 736 P.2d 1327 (1987). The form of the instruction remains within the discretion of the trial court provided the substance of the requested theory of defense is otherwise given. *United States v. Meyer,* 808 F.2d 1304 (8th Cir.1987).

It is also possible for an instruction to articulate Wyoming law properly and yet be incomplete such that the instruction "may be properly refused." *Stapleman v. State,* 680 P.2d 73, 76 (Wyo.1984). If this does occur, it becomes "incumbent upon the court to either give the instruction or to otherwise properly instruct upon the accused's theory of the case," *id.* at 76, even "if the instruction, although not entirely correct, is at least sufficient to apprise the court of the theory of defense" advanced by the person accused. *Id.* at 76. *See People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973).

██ We next look to see if the refusal of the requested instruction was based upon the perception by the trial judge that the principle embodied in the requested instruction was equally presented to the jury through another instruction. "A trial court may refuse a proposed instruction if the principle embodied in the requested instruction is covered by other instructions." *Griffin,* 749 P.2d at 256 (*accord Summers v. State,* 725 P.2d 1033, 1044 (Wyo.1986) and *Britton v. State,* 643 P.2d 935, 938 (Wyo.1982)). The given instruction must affirmatively present the defendant's theory of the case or defense before such substitution satisfies due process. Once the defendant requests an instruction be given which correctly articulates Wyoming law after an offering of substantial evidence to underpin that request, the "court's failure to cause [defendant's] main defense to be *affirmatively* presented to the jury [constitutes] a denial of due process." *Blakely,* 474 P.2d at 130 (emphasis added) (*accord State v. Hickenbottom,* 63 Wyo. 41, 178 P.2d 119, 131 (1947)).

### Prong II: Competency of Evidence to Support Instruction

██ At this level of our analysis, we ask if there is in the record competent evidence

developed during the trial to support the requested instruction. *Thomas*, 784 P.2d 237; *People v. Marquez*, 692 P.2d 1089 (Colo.1984). We are mindful here that in determining whether an instruction in favor of an accused should be given, the evidence must be viewed in a light as favorable to him or her as is justified, and the accused's testimony must be taken as entirely true. *Stapleman*, 680 P.2d at 75 (*accord Goodman*, 573 P.2d at 409 and *State v. Pinero*, 70 Haw. 509, 778 P.2d 704 (1989)).

If these precedent conditions are satisfied, due process under Wyoming's Due Process Clause requires that the jury be provided with the requested instruction. *People v. Fuller*, 781 P.2d 647 (Colo.1989); *Moya*, 512 P.2d 1155. The refusal to allow an instruction requested by the defendant when due process requires the defendant's instruction be given is reversible error per se. See inter alia *Phillips*, 760 P.2d at 391; *Scheikofsky v. State*, 636 P.2d 1107, 1109 (Wyo.1981); *Goodman*, 573 P.2d 400; *Thomas v. State*, 562 P.2d 1287 (Wyo. 1977), *overruled on other grounds Nowack v. State*, 774 P.2d 561 (Wyo.1989); *Blakely*, 474 P.2d 127; and *Hickenbottom*, 178 P.2d 119.

**B.** *Relevancy*

■ Our standard of review for an appeal which challenges the admissibility of evidence on grounds of relevancy is abuse of discretion and the burden of establishing such abuse lies with the challenger. *See Jahnke v. State*, 682 P.2d 991, 1005 (Wyo. 1984). While that phrase can be fairly slippery, abuse of discretion has as its anchor point the query of "whether the court could reasonably conclude as it did." *Noetzelmann v. State*, 721 P.2d 579, 583 (Wyo. 1986). Our present standard was first enunciated in *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986):

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

## IV. APPLICATION

### A. *Refused Instruction*

■ The content of the requested instruction properly states Wyoming law. As the defense counsel noted in the Instruction Conference, the law in Wyoming concerning arrest is articulated in *Phillips*, 760 P.2d at 390–93. There we said:

A person cannot be said to be under arrest when merely an intention or attempt to take, seize, or detain him [or her] occurs, resulting in no seizure or control over the person.

Accordingly, we determine that * * * the instruction given the jury by the trial court * * * [did not give] a correct definition of that term as it is used under the applicable Wyoming statutes and present Wyoming case law.

*Id.* at 392–93.

In first substantive decision, we authenticate the requested instruction to state Wyoming law properly, *Phillips*, 760 P.2d 388, and then assess absence of contention for denial that it was patently argumentative or that it unduly emphasized one aspect of the case. *Thomas*, 784 P.2d at 240; *State v. Standiford*, 769 P.2d 254, 266 (Utah 1988). This assessment also challenges determination whether the content of that requested instruction or the principle for which it stands is covered by another instruction. *Summers*, 725 P.2d at 1044. In this case, not only is the legal requirement for commission of the charged offense inadequately covered by another instruction, but the principle in the requested instruction is excluded by the given instruction because the given instruction allows the jury to infer an arrest to be effectuated by a mere touching or an intention or attempt to take, seize, or detain the accused.

Competent evidence exists to support the law expressed in the requested instruction. *See Thom*, 792 P.2d 192. Viewing Oien's testimony that no seizure occurred as entirely true and in such a light as is most favorable to him, we are satisfied he has met the conditions precedent to engage his

right to his requested instruction. *Blakely*, 474 P.2d at 130; *Moya*, 512 P.2d 1155; *Pinero*, 778 P.2d 704. The protective umbrella of due process is unfurled at this point and Oien's requested instruction should have been allowed.

### B. *Relevancy and Admissibility of Evidence About a Disassociated Event Guilty Plea to a Disturbance of the Peace Charge*

Oien pleaded guilty in county court to a disturbance of the peace charge from the morning's earlier events involving an argument between himself and his girlfriend at their residence. Evidence relating to the plea involving the disturbance plea invaded the felony trial which addressed events which occurred later and at a different locale.

■ Our standard of review for an appeal which challenges the admissibility of misdemeanor plea evidence during a felony trial begins by looking to the nature of the challenge. Although the challenge is many times framed by an objection that relevant evidence was excluded[7], in this case the challenge is more fundamental. Oien argues the evidence of his guilty plea to breach of the peace was, inter alia, irrelevant and that its admission was an abuse of discretion. We agree.

W.R.E. 401 provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

As noted in the standard of review, our understanding of whether the trial judge committed an abuse of discretion is made by answering "whether the court could reasonably conclude as it did." *Noetzelmann*, 721 P.2d at 583. The question then is simply: Could the trial judge reasonably conclude that allowing the introduction of Oien's judgment and sentence for breach of the peace for events within his residence have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence?

The conduct pertinent to Oien's guilty plea for breach of the peace concerned conduct within the mobile home and not at the Mini Mart. Dale simply could not have believed he had arrested Oien at Oien's residence. This is evidenced by the fact that Dale offered to drive Oien to the Mini Mart and in fact did so. Obviously, this would not have occurred if Dale believed he had arrested Oien at the mobile home. Consequently, anything that had occurred at the mobile home was not relevant to the charge now under consideration and any evidence pertaining to such events is not admissible. In addition, introduction of the misdemeanor conviction violated W.R.E. 609 since the crime was not "punishable by death or imprisonment in excess of one (1) year" nor did it involve a "dishonest[.] or false statement."

Nevertheless, the prosecutor sought to introduce the judgment and sentence of the plea referring to events occurring at the mobile home to establish the probable cause for the warrantless arrest. As we noted in *Roberts v. State*, 711 P.2d 1131, 1135 (Wyo.1985), there may be cases where unlawful warrantless arrests or unlawful searches and seizures may occasion understandable resistance and, in such cases, "the resisters cannot be prosecuted under our resisting arrest statute." However, the alleged conduct by Oien for which the resisting arrest charge was based occurred at the Mini Mart, not at the mobile home. Consequently, evidence regarding his guilty plea to breach of the peace was not relevant to the trial court criminal charges.[8]

---

**7.** W.R.E. 403. *See Peterson v. State*, 586 P.2d 144, 154 (Wyo.1978).

**8.** The State answers Oien's claim of error by observing that Oien first introduced evidence of the breach of peace charge during his direct examination. This justification of the erroneous use of the misdemeanor occurrence evidence has two different answers. First, pre-trial, Oien had filed a specific motion in limine to exclude the evidence. At that time, in response, the State argued that the evidence would consti-

Referring to the definition of "relevant evidence" under W.R.E. 401, the existence of the arrest at the mobile home has no tendency "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *State v. Boppre*, 234 Neb. 922, 453 N.W.2d 406, 429–30 (1990). Thus, admission of this judgement was an abuse of discretion inter alia because it was irrelevant. Introduction of that conviction was error. That error was prejudicial to Oien

when the trial judge exacerbated the situation by allowing the jury to be misled when he refused to allow Oien to introduce the tape recording of the proceeding in which he had pled guilty to breach of the peace only for events at his residence. In addition, the prosecutor continued the error by using that half-explained guilty plea during closing arguments. Having arrived at the conclusion that the trial judge abused his discretion, we hold that in the absence of this error the verdict might have been more

tute relevant evidence as "an admission against interest." The motion was denied "without prejudice" to a right for renewal at trial. The objection was again renewed during trial and denied without judicial comment. A proper basis for admission founded upon relevancy was not established. Obviously, the residence incident was closed in sequence without arrest at that time and when later prosecuted, was closed by a disassociated decision involving contended use of an obscenity.

The second answer to justify waiver where objection to introduction was properly made is the confusion and misuse that followed. In rebuttal, the State effectively asserted relevancy by misstatement, which incorrectly brought the non-relevant evidence into application as if the event for which the plea was made had occurred at the Mini Mart and not earlier at the residence where it actually occurred, by stating:

Mr. Raymond talked about Deputy Moore and the involvement with our Mills Police officer at the Poison Spider Mini Mart. Nealy Dale testified to you exactly what happened. Deputy Moore was right across the street, fifty feet away. They testified both to the same thing. Nealy Dale told you the defendant was under arrest for breach of the peace. *That is the crime the defendant pled guilty to.* Ladies and Gentlemen, if he pled guilty to breach of the peace, he knew that he was under arrest, and he knew what he was under arrest for. So why is he taking off across West Yellowstone Highway, but then again, a second time Mr. Raymond said Mr. Boynton indicates that is not an escape. Testimony on the stand was that that is not an escape, we did not charge the escape under those circumstances because Officer Dale did not take the baton attempting to use all minimum force that he testified to, again told the defendant twice what he was under arrest for during the scuffle, where the defendant was avoiding a lawful arrest for over three minutes down on the ground, flailing around, being a wild man, being totally out of control. Deputy Moore tells you that throughout this entire procedure. Officer Dale was saying you are under arrest, you are under arrest. Well, he was certainly engaged in the lawful performance of his official

duties. No dispute about the arrest for a crime, the breach of peace.

Ladies and Gentlemen, it has been submitted into evidence, you have seen the charge, it is disturbing the peace. You have seen also the judgment and sentence of the guilty plea to that. You have seen the acknowledgment from the Clerk of Court in County Court and County Court Judge saying that is a true and official document of that court.

(Emphasis added.)

The emphasized language in the argument is patently false. Oien's plea of guilty to disturbance of the peace was introduced by the defense and that introduction can waive any objection to cross-examination *reasonably related* to the direct examination. As is spelled out in W.R.E. 611(b): "Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." *See Aldridge v. Marshall*, 765 F.2d 63 (6th Cir.1985), *cert. denied* 474 U.S. 1062, 106 S.Ct. 810, 88 L.Ed.2d 785 (1986).

But the State's argument confuses waiver with relevance. The State may not argue that the introduction of Oien's conviction constitutes a blanket waiver for any future uses of that evidence. If the conviction of Oien's guilty plea over events at his home is irrelevant to his charge of resisting arrest at the Mini Mart, waiver does not make that conviction relevant. For the recognized distinction between waiver and relevance, see *People v. Daniels*, 164 Ill.App.3d 1055, 116 Ill.Dec. 47, 65, 518 N.E.2d 669, 687 (1987); *First Seneca Bank v. Greenville Distributing Co.*, 367 Pa.Super. 558, 533 A.2d 157, 163 (1987); *International Security Life Ins. Co. v. Beauchamp*, 464 S.W.2d 679, 682 (Tex.Civ.App. 1971); *State v. Danforth*, 125 Wis.2d 293, 371 N.W.2d 411, 413 (1985); and *Haskins v. State*, 97 Wis.2d 408, 294 N.W.2d 25, 32 (1980). The State recharacterized the conviction to make it falsely appear to involve a different time and place—at that point the conviction was irrelevant for the purpose used by the State. Waiver may effect error from improper admission, but it does not make a disassociative fact relevant when proper objection is taken.

favorable to Oien. *See ABC Builders, Inc. v. Phillips*, 632 P.2d 925, 935 (Wyo.1981).

## V. CONCLUSION

We reverse and remand for a new trial on the felony charge of escape from official detention and the misdemeanor conviction of interference with a peace officer.

CARDINE, C.J., dissents, with whom GOLDEN, J., joins.

CARDINE, Justice, dissenting, with whom GOLDEN, Justice, joins.

The instruction given by the trial court correctly set out the elements necessary to effect an arrest. We held these elements to be a correct statement of law not only in *Phillips v. State*, 760 P.2d 388, 392 (Wyo. 1988) and earlier cases, *e.g. Rodarte v. City of Riverton*, 552 P.2d 1245, 1250 (Wyo. 1976), but in a subsequent decision as well. *Simonds v. State*, 762 P.2d 1189, 1192 (Wyo.1988). The instruction offered by the appellant was covered by the instruction given. The part of the refused instruction which led to the allegation of error and which was the basis for reversal of the judgment of conviction in this case states:

> "A person cannot be said to be under arrest when merely an intention or attempt to take, seize, or detain him occurs, resulting in no seizure or control over the person."

Contrary to the majority, I find this principal adequately embraced in the given instruction where it stated:

> "You are instructed that an arrest is the *taking, seizing, or detaining* of the person of another * * * by any act that indicates an *intention* to take him into custody *and* that subjects him to the actual *control and will* of the person making the arrest * * *." (emphasis added)

Appellant's refused instruction was repetitive and would have unduly emphasized this particular aspect of the case.

For the reasons stated, I dissent and would vote to affirm.