Richard A. ORTEGA, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 97-114.

Supreme Court of Wyoming.

Sept. 25, 1998.

Sylvia L. Hackl, Public Defender; and Donna D. Domonkos, Appellate Counsel, Cheyenne, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Assistant Attorney General, Cheyenne, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice.

Appellant, convicted of interference with a peace officer, contests the admission of certain portions of his jail record and the denial of a proffered self-defense jury instruction. We affirm the judgment of the district court.

## I. ISSUES

Appellant, Richard A. Ortega (Ortega), presents two issues for review:

*Issue I.*

Did the trial court abuse its discretion when it refused to allow Appellant to assert his claim of privilege in his medical records and failed to hold an in camera inspection of materials [the] State sought to enter into evidence?

*Issue II.*

Did the trial court commit reversible error by failing to give jury instructions which

*\* Chief Justice at time of oral argument.*

sufficiently apprised the jury of Appellant's theory of the case and by failing to instruct the jury on the proper burden of proof that [the] State must meet in [a] self-defense case?

Appellee, the State of Wyoming, restates the issues:

I. Whether the district court abused its discretion by admitting into evidence the complete jail record, after an in-camera review.

II. Whether the district court properly refused appellant's proffered jury instruction.

## II. FACTS

On March 18, 1996, Officer Ditzler of the Cheyenne Police Department responded to a REDDI (Report Every Drunk Driver Immediately) report that a truck was driving erratically in the alley between 8th and 9th streets in Cheyenne, Wyoming. Officer Ditzler located the vehicle and observed it barely miss one curb, hit another, nearly hit a pole and several garbage cans, and he noticed the driver had difficulty backing into a driveway. After observing this erratic driving, Officer Ditzler approached the vehicle which was occupied by two people. Ortega was in the driver's seat, while Patrick Valencia occupied the passenger seat. Officer Ditzler approached Ortega and asked him for his driver's license. Ortega initially refused to cooperate, but eventually relinquished his vehicle registration to Officer Ditzler.

Officer Ditzler returned to his patrol car and called dispatch to check the status of Ortega's driver's license. Officer Munari arrived on the scene as Officer Ditzler was learning that Ortega's Wyoming driver's license had been surrendered to another jurisdiction, and that Ortega had a prior DUI in 1995. While the officers were thus engaged, Mike Lucero, Ortega's nephew, arrived at the scene with Antonio Griego.

The two officers returned to Ortega's vehicle and asked him to step out of the truck. Ortega refused until Officer Ditzler opened the driver's side door. Ortega then got out

of the vehicle, stumbled, and leaned against the truck for support. The officers asked Ortega to perform several field sobriety tests, but they were met with profane refusals. Faced with an obviously intoxicated and uncooperative individual, the officers arrested Ortega for DUI.

The officers instructed Ortega to turn around so he could be handcuffed. When Ortega refused, the officers attempted to turn Ortega around physically to facilitate the arrest. Ortega then grabbed Officer Ditzler's arm and punched him in the face. In the ensuing struggle, Ortega repeatedly kicked at both officers, striking Officer Munari in the thigh and Officer Ditzler in the ankle.

In order to subdue Ortega, Officer Ditzler removed his ASP Baton and struck him several times in the legs. Eventually, the officers placed Ortega on the ground, but he continued to kick at them, forcing the use of mace. After a considerable struggle, the officers were able to handcuff Ortega. When Ortega was finally taken to the detention facility, his injuries were photographed by detention facility personnel.

During trial, the defense offered a very different version of the arrest to the jury. The defense presented three eyewitnesses, who each testified that Ortega never hit or kicked either officer during the struggle. Patrick Valencia testified he never saw Ortega attempt to strike or be aggressive. Likewise, Antonio Griego testified Ortega was merely covering himself with his hands and never struck either of the officers. Finally, Ortega's neighbor, Angela Poutney, who witnessed the entire incident from her kitchen window, testified Ortega engaged in no violent action whatsoever. In addition, the defense presented the photographs of Ortega taken at the jail in an attempt to show that the officers used excessive force during the arrest.

The jury was unpersuaded by the defense's version of events. Ortega was convicted of interfering with a peace officer in violation of Wyo. Stat. § 6–5–204(b) (1997).[1]

## III.  STANDARDS OF REVIEW

### A.  ADMISSION OF DETENTION FACILITY RECORDS

The standard of review applied to the district court's evidentiary rulings is well known and often articulated:

> Whether to exclude admissible evidence is a matter left to the exercise of sound discretion of the district court. *Barnes v. State*, 858 P.2d 522, 527 (Wyo.1993). A district court's discretionary rulings on evidence will not be upset absent a clear abuse of discretion, and the burden of establishing such abuse lies with the defendant. *Id.* An abuse of discretion occurs when a court acts in a manner which exceeds the bounds of reason under the circumstances. *Id.* Decisions of the district court with respect to admissibility of evidence are entitled to considerable deference and, as long as there is a legitimate basis for the district court's ruling, that ruling will not be reversed on appeal. *Id.*

*DeWitt v. State*, 917 P.2d 1144, 1148 (Wyo. 1996).

### B.  DENIAL OF PROFFERED JURY INSTRUCTION

A criminal defendant is entitled to have the jury instructed on a defense theory if a timely submission is made of a jury instruction that correctly states the law and is supported by the evidence. *Chavez–Becerra v. State*, 924 P.2d 63, 67 (Wyo.1996); *Bouwkamp v. State*, 833 P.2d 486, 490 (Wyo. 1992). It is reversible error for a trial court to refuse to give such a properly requested jury instruction. *Chavez–Becerra*, 924 P.2d at 67; *Oien v. State*, 797 P.2d 544, 549 (Wyo. 1990).

## IV.  DISCUSSION

### A.  ADMISSION OF DETENTION FACILITY RECORDS

Ortega's first assertion of error is that the district court improperly admitted

---

1.  Wyo. Stat. § 6–5–204(b) provides:
    A person who intentionally and knowingly causes or attempts to cause bodily injury to a peace officer engaged in the lawful performance of his official duties is guilty of a felony punishable by imprisonment for not more than ten (10) years.

two notations from the jail record created at the Laramie County Detention Facility. One notation, made by a contract nurse at the detention facility, indicates that Ortega was not present during medical rounds the day after his arrest. The second notation, made by a facility administrator, indicates that Ortega requested dental services for a cap that he lost while eating at the detention center. Although Ortega's argument is far from clear, he seems to base his objection to the records on three separate grounds.

Ortega's first argument is that the records in issue should be excluded under Wyo. Stat. § 35–2–610 (1997), which provides in pertinent part:

> (a) Health care information shall not be disclosed by a hospital pursuant to compulsory legal process or discovery in any judicial, legislative or administrative proceeding * * *[.]

The statute goes on to list several exceptions to the general rule of nondisclosure, none of which are pertinent to the case at hand.

Ortega's argument is misplaced. Wyo. Stat. § 35–2–610 applies only to disclosure of health care information, not to the admissibility of that information into evidence at trial. We have stated that discovery and admissibility at trial involve different concepts and questions. *First Wyoming Bank, N.A., Jackson Hole v. Continental Ins. Co.,* 860 P.2d 1064, 1091, *modified in part,* 860 P.2d 1094 (Wyo.1993). The admissibility of the records is controlled by the rules of evidence, not the statutory provisions preventing disclosure. Moreover, the records at issue are not covered by the statute because the Laramie County Detention Facility is not a hospital and because the records are not qualified

health care information. *See* Wyo. Stat. § 35–2–605(a)(vii) and (ix) (1997).

■ Ortega also seems to rely on the physician-patient privilege, although he fails to discuss the Wyoming statute that governs the privilege.[2] Neither of the notations are covered by the physician-patient privilege. The nurse's notation is not a communication by Ortega to anyone, and the request for dental work was communicated to a facility administrator who, under even the broadest interpretation of the statute, is not a physician.

■ Finally, Ortega asserts that the records were irrelevant and should have been excluded under W.R.E. 403. He states that because the records merely show that he missed an appointment the day after his arrest and asked for some dental work while detained, they are not relevant to the issue of his guilt or innocence. However, Ortega placed his physical condition in issue. The records then became relevant to dispute Ortega's claims of injury as a result of the arrest. Given that Ortega's physical condition was contested at trial, the district court's ruling on the matter did not exceed the bounds of reason under the circumstances.

### B. DENIAL OF PROFFERED JURY INSTRUCTION

■ Ortega's second assertion of error is that the district court erred in refusing a self-defense jury instruction.[3] Ortega presented three eyewitnesses in his defense, who all testified that they never saw Ortega strike Officer Ditzler or Officer Munari. In contrast, Officers Ditzler and Munari both testified that Ortega struck Officer Ditzler before he was maced or struck with the

---

**2.** Wyo. Stat. § 1–12–101 (1997) provides, in pertinent part:

(a) The following persons shall not testify in certain respects:

(i) An attorney or physician concerning a communication made to him by his client or patient in that relation, or his advice to his client or patient.

**3.** Ortega proffered the following self-defense jury instruction:

It is lawful for a person who is being assaulted to defend himself from attack if he has

reasonable grounds for believing and does believe *that bodily injury is about to be inflicted* upon him. In doing so he may use all force and means which he believes to be necessary and which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent.

The proffered jury instruction substantially follows Wyoming Pattern Jury Instruction Criminal 8.09 on self-defense against assault.

baton. Under either version of the facts, a self-defense jury instruction is inappropriate.

■ While we have said that even weak or inconclusive evidence, or evidence unworthy of belief, may justify giving a self-defense jury instruction, it need not be given unless a reasonable person might conclude the evidence supports the defendant's position. *Chavez–Becerra*, 924 P.2d at 67; *Stagner v. State*, 842 P.2d 520, 523 (Wyo.1992); *Best v. State*, 736 P.2d 739, 744–45 (Wyo.1987). Evidence is to be viewed in a light favorable to the accused and taken as true to determine if the evidence is competent. *Chavez–Becerra*, 924 P.2d at 67; *Stagner*, 842 P.2d at 522 (*quoting Oien*, 797 P.2d at 549).

If Ortega did not strike Officer Ditzler, as he claimed at trial, then there was no defense from attack. If he did strike Officer Ditzler before the baton and mace were used, then there was no assault from which he needed to defend himself. In short, there was no evidence presented at trial to support a self-defense theory of the case.

Moreover, as the district court recognized, Ortega already had received a jury instruction that covered substantially the same ground as his proffered self-defense jury instruction. We have stated that a defendant is not entitled to a particularly worded jury instruction where jury instructions given cover the substance of the requested jury instruction. *Chavez–Becerra*, 924 P.2d at 67; *Channel v. State*, 592 P.2d 1145, 1151 (Wyo. 1979). Jury Instruction No. 4 provided:

> A citizen is obligated to comply with lawful and reasonable directions of the arresting officer after that citizen has been placed under arrest. The arresting officer has the right to use that degree of force which is reasonable and necessary to control the citizen. However, if the officer uses force in excess of what is reasonable and necessary to effect compliance, then he cannot be deemed to be engaged in the lawful performance of his duties.
>
> Whether the force used was reasonable and necessary is for you to determine and

must be considered by reference to what is expected of an ordinary and reasonably prudent police officer given the circumstances.

The jury was adequately informed that they could find that the officers' actions so exceeded the permissible bounds of conduct that Ortega would have been justified in resisting the unlawful aggression. Therefore, even though Ortega was not entitled to a self-defense theory of the case instruction, he received the benefit of such an instruction.

■ Ortega also argues that the failure of the district court to sign one of the jury instructions was impermissible commentary by the judge.[4] We need not consider whether the jury instruction was impermissible commentary, for counsel did not object to it before it was given.

The Wyoming Rules of Criminal Procedure provide, in pertinent part:

> No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury is instructed, stating distinctly the matter to which the party objects and the grounds of the objection.

W.R.Cr.P. 30. The spirit and policy of our rules with reference to jury instructions is to apprise and inform the district court of the purpose of offered jury instructions and of objections to proposed jury instructions so that the court may have an opportunity to correct and amplify them before submission to the jury. *Alberts v. State*, 642 P.2d 447, 453 (Wyo.1982); *see also Sybert v. State*, 724 P.2d 463, 467 (Wyo.1986) (*quoting Haley v. Dreesen*, 532 P.2d 399, 402 (Wyo.1975)). Had the defense objected to the jury instruction before it was given to the jury, the district judge could have easily corrected the omission. However, since no objection was made, the alleged error was not preserved as an issue on appeal, unless it rises to the level of plain error.

■ We recently restated the test for plain error review in *Urrutia v. State*, 924

---

4.  Jury Instruction No. 2A provided:

Mr. Ortega contends he at no time struck or attempted to strike either officer but only acted in self defense.

P.2d 965, 969 (Wyo.1996) (*quoting Hodges v. State,* 904 P.2d 334, 341 (Wyo.1995)):

> "Plain error exists when 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming error was denied a substantial right which materially prejudiced him."

▮ Ortega did not argue the existence of plain error nor did he attempt to analyze the alleged error in the context of plain error review. Based on our own review, we are unpersuaded that Ortega was prejudiced in any way by the unsigned jury instruction, and therefore no plain error occurred.

## V. CONCLUSION

As the admissibility of the records is not controlled by any privilege, and they are relevant to the issue of the extent of Ortega's injuries after the arrest, we hold that the district court did not abuse its discretion in admitting the detention facility records into evidence. Additionally, our review of the record convinces us that Ortega was not entitled to a jury instruction on self-defense, as that theory of the case was not supported by competent evidence. Therefore, we hold that the district court did not err in denying the proffered self-defense jury instruction. The judgment of the district court is affirmed.