Theresa YETTER, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 98–270.

Supreme Court of Wyoming.

Sept. 3, 1999.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Diàne E. Courselle, Director of the Wyoming Defender Aid Program; and Joseph S. Huey, Student Intern for the Wyoming Defender Aid Program.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Theodore C. Preston, Student Intern for the Prosecution Assistance Program

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellant Theresa Yetter appeals from the amended judgment and sentence entered by the trial court after a jury found her guilty of interference with a peace officer.

We affirm.

## ISSUES

Yetter presents the following issues for our review:

I. Did the trial court deprive Theresa Yetter of the opportunity to put on a defense in refusing an instruction on self-defense when it was a proper statement of the defense theory and it was supported by sufficient evidence at trial[?]

II. Did the prosecution of Theresa Yetter in this action deprive her of the protections against double jeopardy, namely multiple prosecutions or punishments for the same offense[?]

## FACTS

Near midnight on November 4, 1997, William Motley, a police officer for the Town of Thermopolis, noticed a vehicle moving slowly and weaving in its lane on a Thermopolis street. Yetter was driving the vehicle. The officer decided to stop the car after he observed it straddle the dotted white line between the two west-bound lanes. He activated his overhead lights, but Yetter did not stop. When Yetter left the town limits, Officer Motley also activated his siren.

Approximately one mile out of town, Yetter turned into the Sage Valley Subdivision. She claimed that she did not notice the patrol vehicle's lights until she neared the turnoff for the subdivision. She did not stop when she saw the lights because her house was a just short distance away and she wanted to get her children home. Yetter stopped her vehicle in front of her house. Officer Motley directed the occupants of Yetter's vehicle to remain inside the car. Ignoring the officer's instruction, Yetter got out of the vehicle and allowed her children to get out and go to the house. Yetter's husband, who was intoxicated, remained in the vehicle.

Officer Motley requested Yetter's registration, proof of insurance, and driver's license. Yetter gave him her registration and proof of insurance and stated that her license was in the house. Officer Motley directed Yetter to remain next to her vehicle, and he returned to his patrol car to ask the dispatcher to check Yetter's driver's license. While Officer Motley was waiting for the license check, he returned to the vehicle and spoke with Yetter's husband. Yetter left the vehicle and went to the house to check on the children while the two men were conversing.

The dispatcher informed Officer Motley that Yetter's license had been suspended. The officer then ran to the house, told Yetter that she was under arrest, and grabbed her wrist. He succeeded in securing one of Yetter's wrists with handcuffs, but he could not restrain the other wrist because Yetter was struggling with him. The officer placed Yetter over the hood of a car and handcuffed her other wrist. During this episode, Yetter's children became very upset. They yelled at Officer Motley, and one of the children threw a squirt gun, striking the officer. Officer Motley threatened to spray Yetter with pepper spray if she did not cooperate. Yetter's husband declared that the officer was using excessive force and threatened to hit him.

Officer Motley proceeded to escort Yetter to his patrol car. She did not cooperate and "flopped" herself down on the ground. She also resisted being placed inside the car, and, after the officer got her into the car, she put

her foot on the door hinge to prevent him from closing the door. At some point during the struggle, the officer sprayed Yetter with pepper spray. .

Deputy Sheriff Tom Christensen and Undersheriff Michael Raymond arrived at the scene to assist Officer Motley. The officers noticed that Yetter had removed the handcuffs from one of her wrists while she was inside the patrol car. Officer Motley and Deputy Sheriff Christensen got Yetter out of the car and replaced the handcuffs. Yetter stated that she was unwilling to ride to the jail with Officer Motley but that she would ride with Undersheriff Raymond.

When they arrived at the jail, Yetter was allowed to wash her face and rinse her eyes. The officer in charge of the jail noticed that Yetter had bruises, scratches, and red marks on her body. Nevertheless, when Undersheriff Raymond inquired as to whether she was injured, Yetter stated only that her arms and shoulders were sore. She subsequently received medical attention for her injuries.

The Town of Thermopolis charged Yetter with driving while under the influence of alcohol, driving while under suspension, and eluding police. Pursuant to a plea agreement, Yetter pleaded guilty in the municipal court to the charge of eluding police in exchange for having the other two charges dismissed. The county attorney charged Yetter for interference with a peace officer under Wyo. Stat. Ann. § 6-5-204(a) (LEXIS 1999). She pleaded not guilty to the charge, and the trial court held a jury trial in May 1998. The jury found her guilty of the crime, and the trial court entered a judgment against Yetter and sentenced her. The trial court subsequently filed an amended judgment and sentence, and Yetter appealed to this Court.

## DISCUSSION

### A. Jury Instructions

Yetter claims that the trial court improperly deprived her of the opportunity to put on a defense when it refused to give one of her proposed self-defense instructions to the jury. The state maintains that the trial court's refusal to give the jury instruction

was appropriate because the evidence did not support giving the instruction and that, in any event, Yetter's theory of defense was presented to the jury in another instruction. We agree with the state.

■ Yetter filed a number of instructions with the trial court. The trial court did not submit one of her proposed instructions addressing the law of self-defense to the jury. The jury instruction conference was not recorded, and Yetter did not object on the record to the trial court's refusal to give the instruction. We must, therefore, apply the plain error standard in order to review this issue. "Plain error exists when 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him." *Sandy v. State*, 870 P.2d 352, 358 (Wyo.1994); *see also Hodges v. State*, 904 P.2d 334, 341 (Wyo.1995). This issue can be resolved by turning directly to the second element of the plain error test; i.e., whether a clear and unequivocal rule of law was transgressed.

■ A defendant is entitled to have the jury instructed on her theory of defense

when the proposed instructions sufficiently inform the jury of her theory of defense and when competent evidence supports the law expressed in the requested instructions. The trial court may, however, properly refuse to give a requested instruction, even though it is correct, when other instructions have been given which sufficiently cover the principles which are being offered in the requested instruction.

*Gilliam v. State*, 890 P.2d 1104, 1108 (Wyo. 1995) (citation omitted); *see also Candelaria v. State*, 895 P.2d 434, 437 (Wyo.1995). Weak or inconclusive evidence may justify instructing the jury on self-defense; however, an instruction need not be given unless a reasonable person could conclude that the evidence presented at trial supports the defendant's position. *Ortega v. State*, 966 P.2d 961, 966 (Wyo.1998); *Chavez–Becerra v. State*, 924 P.2d 63, 67 (Wyo.1996). In determining if a defendant is entitled to an in-

struction, we view the evidence in a light favorable to the accused. *Id.*

In this case, the jury was instructed in relevant part as follows:

## INSTRUCTION NO. 4

The elements of the crime of Interference with a Peace Officer, as charged in this case, are:

1. On or about the 5th day of November, 1997

2. In Hot Springs County, Wyoming

3. The Defendant, THERESA YETTER

4. Knowingly obstructed, impeded or interfered with or resisted arrest by a peace officer

5. While that peace officer was engaged in the lawful performance of his official duties.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

## INSTRUCTION NO. 7

You are instructed that there may be situations that police activities are so provocative and resistance so understandable that it can only be concluded that the police were not engaged in the lawful performance of their official duties and that such conduct by the officer may give rise to a right of self-defense, i.e., a right to resist the use of excessive force.

Yetter claims that these instructions were not adequate to inform the jury of a person's right to defend herself against an officer's use of excessive force. She claims that the trial court should have also given the following instruction to the jury:

It is lawful for a person who is being arrested to resist and defend himself from the use of excessive force by a peace offi-cer if he has reasonable grounds for believing and does believe that bodily injury is about to be inflicted upon him. In doing so he may use all force which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent.

�In This Court has addressed the law concerning a person's right to defend herself against a law enforcement officer who is using excessive force while arresting her. *See, e.g., Ortega,* 966 P.2d 961; *Best v. State,* 736 P.2d 739 (Wyo.1987). Any act of self-defense by a person against an officer who is attempting to arrest her also amounts to resisting arrest. *Best,* 736 P.2d at 745. Nevertheless, when an officer uses excessive force to accomplish an arrest, he is not considered to be engaged in the lawful performance of his official duties. *Id.* Under those circumstances, the law permits a person to use the force she reasonably believes is necessary to protect herself against an officer's use of excessive force. *Id.; see also Simonds v. State,* 762 P.2d 1189, 1191–92 (Wyo. 1988).

Ortega made an argument in his case that was very similar to Yetter's argument in this case. *Ortega,* 966 P.2d at 965–66. He argued that the trial court erred by failing to adequately instruct the jury on the law of self-defense. *Id.* We ruled that the evidence did not support the giving of the instruction. 966 P.2d at 966. We also concluded that, in any event, the trial court adequately instructed the jurors on the law of self-defense when it informed them that an officer who uses excessive force is not considered to be engaged in the lawful performance of his duties. *Id.*

▪ The evidence presented at trial did not support Yetter's theory that she acted in self-defense, and, consequently, she was not entitled to an instruction on her theory of defense. Yetter did not testify that she struggled with the officer because she feared that she was in imminent danger of bodily harm. To the contrary, she testified that she struggled with the officer because she wanted to be free to calm her children. That

reason does not justify her resistance to Officer Motley's attempts to arrest her.

■ Even though Yetter was not technically entitled to have the jury instructed on her theory that she acted in self-defense, the trial court did adequately instruct the jury on her theory. The trial court instructed the jury that it should acquit Yetter if it determined that Officer Motley was not engaged in the lawful performance of his official duties. The jury instructions also indicated that an officer who uses excessive force is not considered to be engaged in the lawful performance of his official duties. Those instructions were sufficient to present Yetter's theory of defense to the jury. The jury obviously did not accept Yetter's theory because, when it convicted her, it necessarily determined that Officer Motley did not act outside the scope of his official duties by using excessive force when he arrested her. Consequently, the trial court did not violate a clear and unequivocal rule of law when it did not give Yetter's proposed instruction to the jury.

## B. Double Jeopardy

■ Yetter maintains that she was placed twice in jeopardy for the same offense when she was tried for interference with a peace officer after she had been convicted in municipal court of eluding the police. We are unable to decide the merits of Yetter's claim.

■ Yetter did not raise the double jeopardy issue with the trial court. This Court generally does not consider issues raised for the first time on appeal. *Meerscheidt v. State*, 931 P.2d 220, 225 (Wyo. 1997). A criminal defendant waives the defense of double jeopardy if she does not present her double jeopardy argument to the trial court. *Taylor v. State*, 612 P.2d 851, 861 (Wyo.1980); *Hutchins v. State*, 483 P.2d 519, 521 (Wyo.1971); *see also* W.R.Cr.P. 12(b); *United States v. Denogean*, 79 F.3d 1010, 1012 (10th Cir.), *cert. denied*, 519 U.S. 856, 117 S.Ct. 154, 136 L.Ed.2d 99 (1996).

Affirmed.