2004 WY 123

**Richard LOYA, Appellant (Plaintiff),**

v.

**WYOMING PARTNERS OF JACKSON HOLE, INC., a Wyoming corporation, d/b/a Jackson Sign Co., and Gary Schuler, a married man, Appellees (Defendants).**

No. 04–11.

Supreme Court of Wyoming.

Oct. 28, 2004.

Representing Appellant: Katherine L. Mead of Mead & Mead, Jackson, Wyoming.

Representing Appellee: Joseph Moore and Abigail S. Moore of Moore & Myers, Jackson, Wyoming. Argument by Ms. Moore.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Richard Loya sued his employer, Wyoming Partners of Jackson Hole, Inc. (Wyoming Partners), and Gary Schuler and Elizabeth Schuler (Schuler), for breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and promissory estoppel. The parties stipulated to the dismissal of Elizabeth Schuler. Following the trial, the jury returned a special verdict finding Wyoming Partners breached its employment contract with Mr. Loya, and he was damaged in the amount of $18,415. The jury made no findings regarding Mr. Schuler's liability for the claims against him individually. The district court entered a judgment against Wyoming Partners for the compensatory damages, and in favor of Mr. Schuler on the claims against him individually. On appeal, Mr. Loya claims the district court erred by granting a judgment in favor of Mr. Schuler. We affirm.

## ISSUES

[¶ 2] The issue presented on appeal is whether the judgment entered by the district court is consistent with the jury verdict form.

## FACTS

[¶ 3] This case first came before this Court in *Loya v. Wyoming Partners of Jackson Hole, Inc.*, 2001 WY 124, 35 P.3d 1246 (Wyo.2001) and the pertinent facts are set forth in that opinion. Essentially, Mr. Loya contended Wyoming Partners and Mr. Schuler had breached his contract of employment, which consisted of both written and oral agreements, by discharging him before the end of his first year. In Mr. Loya's complaint, he alleged wrongful discharge and breach of contract, intentional infliction of emotional distress, violation of the covenant of good faith and fair dealing, and application of the doctrine of promissory estoppel [1]. The district court granted summary judgment in favor of Wyoming Partners and Mr. Schuler. On appeal, this Court reversed the district court's order granting summary judgment holding that genuine issues of material fact existed on all claims and the case was remanded to the district court for trial.

[¶ 4] After a five-day trial, the jury found Wyoming Partners breached its employment

---

1. In his pretrial memorandum, Mr. Loya sought to amend his complaint to include the claim of promissory estoppel as an alternative to his claims of breach of contract and violation of the covenant of good faith and fair dealing.

contract with Mr. Loya and assessed compensatory damages in the amount of $18,415. The questions in this case stem from the manner in which the special verdict form was constructed. The interrogatories presented to the jury and its answers read as follows:

We, the jury, present the following answers to questions submitted by the Court:

1. Do you find that Defendant Gary Schuler was acting in his capacity as an officer of Wyoming Partners of Jackson Hole, a Wyoming corporation, in hiring Mr. Loya and handling Mr. Loya's separation from the company?

     X    Yes             No

2. Do you find that Plaintiff was an "at will" employee of Defendant Wyoming Partners of Jackson Hole?

           Yes    X    No

3. Do you find that there was an express contract to employ Mr. Loya for one year as Manager of Jackson Sign Company?

           Yes    X    No

4. Do you find that Plaintiff misrepresented his experience, skills and/or his qualifications for the job of Manager of Jackson Sign Company?

           Yes    X    No

5. Do you find that Plaintiff was terminated for cause?

           Yes    X    No

**If you answered "yes" to questions 2 or 5 STOP your deliberation and DO NOT answer any more questions. If you answered "no" to both of those questions, please continue and answer all of the following questions.**

6. Do you find that Defendant Wyoming Partners of Jackson Hole breached an Employment Cont[r]act with Plaintiff?

     X    Yes             No

7. If you answered "yes" to question 6, in what amount, if any, do you assess compensatory damages to Mr. Loya for breach of the Employment Contract?

     $ 18,415.00

8. If you answered "yes" to question 6, do you find that Plaintiff had a "special relationship" of trust and reliance, as the Court has defined that term, with Defendant Wyoming Partners that created a covenant of good faith and fair dealing?

           Yes    X    No

9. If you answered "yes" to question 8, do you find that any action of Defendant Wyoming Partners breached the covenant of good faith and fair dealing? (not answered)

           Yes             No

10. If you answered "yes" to question 9, in what amount, if any, do you assess compensatory damages to Mr. Loya for breach of the covenant of good faith and fair dealing? (not answered)

           $ —

11. If your answer to question 1 is "no" and your answer to question 6 is "yes", do you find that Gary Schuler had personal responsibility for the breach of the employment contract? (not answered)

           Yes             No

12. If you answered "yes" to question 11, in what amount, if any, do you assess compensatory damages to Plaintiff for Mr. Schuler's breach of contract? (not answered)

           $ —

13. If you answered "yes" to question 11, do you find that Plaintiff had a "special relationship" of trust and reliance, as the Court has defined that term, with Defendant Gary Schuler that created a covenant of good faith and fair dealing? (not answered)

           Yes             No

14. If you answered "yes" to question 13, do you find that any action of Gary Schuler breached the covenant of good faith and fair dealing? (not answered)

           Yes             No

15. If you answered "yes" to question 14, in what amount, if any, do you assess compensatory damages to Mr. Loya for breach of the covenant of good faith and fair dealing? (not answered)

           $ —

16. If you answered "yes" to question 6, do you find that Defendant Wyoming Partners of Jackson Hole engaged in extreme and outrageous conduct and intentionally or recklessly caused Plaintiff severe emotional distress?

          Yes       X    No

17. If you answered "yes" to question 16, in what amount, if any, do you assess compensatory damages to Plaintiff for the intentional infliction of emotional distress by Defendant Wyoming Partners? (not answered)

$ _____

18. Do you find that Plaintiff has proved his claim for punitive damages for intentional infliction of emotional distress against Defendant Wyoming Partners?

          Yes       X    No

19. If you answered "no" to question 1, do you find that Defendant Gary Schuler engaged in extreme and outrageous conduct and intentionally or recklessly caused Plaintiff severe emotional distress? (not answered)

          Yes           No

20. If you answered "yes" to question 19, in what amount, if any, do you assess compensatory damages to Plaintiff for the intentional infliction of emotional distress by Defendant Gary Schuler? (not answered)

$ _____

(no question 21)

22. Do you find that Plaintiff has proved his claim for punitive damages for intentional infliction of emotional distress against Defendant Gary Schuler?

          Yes       X    No

23. a. If you find that there is no contract express or implied to employ Mr. Loya, do you find that there was a clear and definite agreement between Plaintiff Loya and Defendants?

          Yes      No    X    N/A

b. Do you find that the Plaintiff engaged in good faith in an action or forbearance of a definite and substantial character in reliance on the agreement to his detriment?

     X    Yes      No      N/A

After the jury returned its verdict, Mr. Loya submitted a proposed form of judgment entering judgment against both Wyoming Partners and Mr. Schuler. Mr. Schuler did not agree to the form of judgment proposed by Mr. Loya, and subsequently submitted an alternative form of judgment to the court which entered judgment against Wyoming Partners, and in favor Mr. Schuler individually. On July 31, 2003, the district court adopted Mr. Schuler's proposed judgment and entered its judgment *against* Wyoming Partners for the full amount awarded by the jury, plus costs of $1,831.20, and *in favor* of Mr. Schuler individually. Mr. Loya appeals from that judgment.

## STANDARD OF REVIEW

[¶ 5] The issue presented on appeal is whether the judgment is consistent with the jury's findings in the special verdict form. That is an issue of law which we review *de novo.* Any objection to a special verdict form must be raised before it is submitted to the jury and, without such an objection, the parties are deemed to have waived a trial by jury of any question of fact not included in a special verdict form. If an issue of fact is raised by the pleadings, but not included within the special verdict form, a party may demand the court make a finding or it shall be deemed to have made a finding in accord with the judgment on the special verdict. Wyo. R. Civ. P. 49(a); *WERCS v. Capshaw,* 2004 WY 86, ¶ 16, 94 P.3d 421, ¶ 16 (Wyo.2004). It is the duty of the district court to attempt to harmonize the jury's answers if it is at all possible under a fair reading of the responses. Furthermore, where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil 2d* § 2510 at 200–70 (2001 Supp). *See also Auwood v. Harry Brandt Booking Office, Inc.,* 850 F.2d 884 (2nd Cir.1988).

## DISCUSSION

[¶ 6] Mr. Loya contends the trial court's judgment erroneously interpreted the

jury's answers to the questions presented in the special verdict form. He argues the jury's findings, while imposing liability on Wyoming Partners, did not grant relief to, or immunize Mr. Schuler from liability, and Mr. Schuler should be obligated individually to pay the $18,415 judgment. Mr. Loya asks this Court to remand this matter to the district court for "correction of [the] judgment in a manner consistent with the Special Verdict Form."

[¶ 7] To understand Mr. Loya's objections to the judgment, we must review the claims asserted in his complaint and compare those claims to the questions submitted to the jury in the special verdict form. The complaint asserts two causes of action for breach of contract, one against Wyoming Partners and one against Mr. Schuler individually. It also asserts a claim for breach of the covenant of good faith and fair dealing and a claim for intentional infliction of emotional distress against both Wyoming Partners and Mr. Schuler. However, Mr. Loya did not plead or argue that the corporate veil of Wyoming Partners should be pierced and its actions attributed to Mr. Schuler as an individual.[2] Therefore, in this case, Mr. Schuler could not have been liable for a breach of contract unless he had entered into a contract individually with Mr. Loya. *See Sexton v. Taylor County*, 692 S.W.2d 808, 810 (Ky.Ct.App.1985) (a party cannot be liable for breach of contract to a person who is not a party to the contract). However, that question was not posed to the jury in the special verdict form. Likewise, he could only have been liable individually for the tort of a breach of the covenant of good faith and fair dealing, which is available in limited contractual circumstances, if he had been found to have entered into the contract individually. Without a contract, there is no basis for imposition of the implied covenant, whether in contract or in tort, because either cause of action arises out of the contractual relationship. *Birt v. Wells Fargo Home Mortg., Inc.*, 2003 WY 102, ¶ 21, 75 P.3d 640, ¶ 21 (Wyo.2003). The duty of good faith and fair dealing does not come into play until the parties have reached an agreement. *Id.* In addition, Mr. Schuler could only have been liable for the tort of intentional infliction of emotional distress if the jury found Mr. Schuler's actions fulfilled the elements of that tort.

[¶ 8] However, the special verdict form was not constructed so as to require the jury to address all of the claims asserted in the complaint against Mr. Schuler. The verdict form did not ask whether Mr. Schuler had entered into a contract individually with Mr. Loya, and then whether he breached that contract. Instead, question 1 of the special verdict form asked: "Do you find that Defendant Gary Schuler was acting in his capacity as an officer of Wyoming Partners of Jackson Hole, a Wyoming corporation, in hiring Mr. Loya and handling Mr. Loya's separation from the company?" The jury answered "yes" to this question. While the purpose of that question in the context of these claims is not entirely clear, it is certain the answer cannot be interpreted to mean that Mr. Schuler had entered into the contract individually with Mr. Loya. The verdict form then asked, in question 6, whether Wyoming Partners had breached an employment contract with Mr. Loya, and the jury answered "yes." The jury was never asked to determine whether Mr. Schuler had entered into a contract with Mr. Loya individually. Instead, the jury was

**2.** Indeed, Mr. Loya argued the corporate veil need *not* be pierced because the contract was between Mr. Loya and Mr. Schuler individually. Mr. Loya attempted to argue that because the letter verifying his employment was dated August 21, and the company was not officially incorporated until September 11, retroactive to September 1, a contract existed between Mr. Loya and Mr. Schuler, as well as between Mr. Loya and Jackson Sign Company. Mr. Loya concludes "the employment contract with Mr. Loya was entered into by Gary and Elizabeth Schuler and they agreed to be bound by it," citing *Peters Grazing Association v. Legerski*, 544 P.2d 449 (Wyo.1975). *Peters Grazing* actually holds that acceptance by the corporation of the benefits of a contract amounts to an implied ratification by the corporation of a contract entered into prior to incorporation. *Id.* at 454. However, Wyoming Partners never argued its incorporation avoided the contract Mr. Schuler entered into on its behalf and Mr. Loya never argued that the corporation was liable instead of Mr. Schuler, but in addition to him. Nonetheless, this argument does not overcome the issue of whether or not Mr. Schuler individually entered into a contract was addressed by the jury.

instructed to answer question 11, which addressed Mr. Schuler's individual liability for breach of contract, only if it had answered question 1 "no" finding Mr. Schuler had not been acting in his capacity as an officer of Wyoming Partners in his dealings with Mr. Loya. Therefore, the jury made no finding with regard to Mr. Schuler's individual liability for breach of the employment contract.

[¶ 9] In the alternative, Mr. Loya had also pled promissory estoppel contending that both defendants were estopped from denying a contract existed. However, the jury answered "NA" to question 23, which inquired as to the elements of promissory estoppel, apparently because it had already found a breach of contract and question 23 instructed the jury to answer only if there was no contract. Consequently, the jury made no findings to support a judgment against Mr. Schuler based upon the claim of promissory estoppel either.

[¶ 10] Question 13 instructed the jury not to consider whether Mr. Schuler had a "special relationship" with Mr. Loya that would support a covenant of good faith and fair dealing claim against Mr. Schuler individually unless it had answered "yes" to question 11 which addressed Mr. Shuler's individual liability for breach of contract. With regard to the claim of intentional infliction of emotional distress against Mr. Schuler, the verdict form instructed the jury not to answer question 19, which asked whether Mr. Schuler engaged in conduct which would support that tort, unless it had answered "no" to question 1. In question 22, the jury answered "no" to the question of whether Mr. Schuler's actions justified punitive damages for intentional infliction of emotional distress.

[¶ 11] Reviewing all of the jury's answers to the questions posed by the special verdict form, we can find none that support a judgment against Mr. Schuler individually on any of the causes of action pled by Mr. Loya. Despite the lack of such findings, Mr. Loya argues that the jury did not intend to relieve Mr. Schuler of his individual liability and, consequently, the judgment entered by the district court in Mr. Schuler's favor was in error. In reality, Mr. Loya's problems stem from the construction of the special verdict form and having failed, pursuant to W.R.C.P. 49(a), to insist on findings either by the jury or the court on Mr. Schuler's individual liability or to object to the special verdict form submitted to the jury by the district court.

[¶ 12] Wyo. R. Civ. Proc. 49(a) governs special verdict forms and states that if any issue of fact raised by the pleadings or by the evidence is omitted from the special verdict form, each party waives the right to a trial by jury of the issue so omitted, unless, before the jury retires, the party demands its submission to the jury. Further, the trial court may make a finding as to an issue of fact omitted without such demand, but if it fails to do so, the trial court "shall be deemed to have made a finding in accord with the judgment on the special verdict." *Id.* We have recently addressed this rule and the serious consequences that can befall a party who omits issues of fact from a special verdict form that are crucial to that party's success in the litigation. *WERCS,* ¶ 17. *See also Ansin v. River Oaks Furniture, Inc.,* 105 F.3d 745 (1st Cir.1997); *AG Systems, Inc. v. United Decorative Plastics Corp.,* 55 F.3d 970 (4th Cir.1995); *Hiltgen v. Sumrall,* 47 F.3d 695 (5th Cir.1995); and *Hyde v. Land-of-Sky Regional Council,* 572 F.2d 988 (4th Cir.1978). A timely objection to a verdict form considered to be inconsistent or irregular is essential to preservation of such an issue on appeal. *Addakai v. Witt,* 2001 WY 85, 31 P.3d 70 (Wyo.2001).

Special verdict forms constitute additional instructions to the jury, and as a consequence, Rule 51, which governs jury instructions and objections to jury instructions, is also applicable here. It reads in pertinent part: "Before the argument of the case to the jury is begun, the court shall give to the jury such instructions on the law as may be necessary and the same shall be in writing, numbered and signed by the judge, and shall be taken by the jury when it retires. No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." See *North Central Gas Co. v. Bloem,* 376 P.2d 382 (Wyo.

1962); *Ortega v. State,* 966 P.2d 961 (Wyo. 1998).

[¶ 14] This Court applied Rule 49(a) and Rule 51 in *Davis v. Consolidated Oil & Gas, Inc.,* 802 P.2d 840 (Wyo.1990), where the jury was instructed that it need not consider the additional interrogatories if the answer to the first interrogatory was in the negative. While the court and counsel had considered the instructions and the verdict form at length at conference, and numerous objections were made to various instructions, there was no objection to the first interrogatory at any time before the jury retired as required by Rule 51. In resolving the case, we explained the purpose of Rule 51 is to inform the court of the nature and specific grounds of contended error in the instruction or verdict form so that the judge may reconsider the same and correct or modify it, if necessary, to avoid error. *Davis,* 802 P.2d at 843.

[¶ 15] Mr. Loya asserts he objected to the special verdict form, but the record does not reflect such an objection. In fact, while sparse, the record reflects that Mr. Loya failed to object when given the opportunity to do so.[3] After all witnesses had testified, the court held a hearing for the sole purpose of allowing the parties to put their objections to jury instructions on the record. Mr. Loya's attorney objected to instruction number 20, relating to the defendants' claims of misrepresentation, and number 23, relating to consideration of Mr. Loya's failure to seek counseling on the claim for intentional infliction of emotional distress. No objection to any portion of the special verdict form exists in the record. Furthermore, Mr. Loya's own proposed verdict form did not ask the jury whether Mr. Schuler entered into a contract individually with Mr. Loya, or whether he breached such contract. His proposed verdict form simply asked the jury what Mr. Loya's damages were if they found that Wyoming Partners breached its contract.[4]

[¶ 16] We do not think it harsh or unreasonable to require a litigant, when an opportunity is afforded during the trial, to timely bring a matter such as this to the attention of

---

3. The limited portion of the record we are provided with on appeal consists of one witness's testimony and a brief colloquy at the end of the trial. The appellant bears the burden of bringing to the reviewing court a sufficient record on which to base a decision. *Erhart v. Evans,* 2001 WY 79, 30 P.3d 542 (Wyo.2001).

4. Mr. Loya designated his proposed verdict form as part of the record and the record index reflects it was filed. However, for reasons unknown to this Court, the document itself was omitted from the record on appeal. A copy was attached to Wyoming Partners' brief as an appendix. It read as follows:

We the jury, being duly impaneled, and after careful consideration of all of the evidence presented at trial, find as follows: .

1. Did an express or implied employment contract exist between Plaintiff and Wyoming Partners? (Yes or No)

(If your answer to this questions is no, skip to question 4.)

2. Was Plaintiff's employment wrongfully terminated by the Defendant Corporation? (Yes or No)

3. Was Plaintiff's employment wrongfully terminated by the Defendant Gary Schuler? (Yes or No)

4. Did Defendants make material representations upon which Plaintiff relied to his detriment? (Yes or No)

5. Are one or both Defendants guilty of intentionally inflicting emotional distress upon Plaintiff? (Yes or No)

If you find, in response to the preceding questions, that an employment contract existed between plaintiff and defendant Wyoming Partners, and that Wyoming Partners breached that contract by wrongfully terminating plaintiff, what amount of damages has plaintiff suffered as a consequence?

$_____

If you find one or both defendants guilty of inflicting intentional emotional distress upon plaintiff, what damages has plaintiff suffered as a consequence?

$_____

If you find one or both defendants guilty of making material representations or promises upon which plaintiff relied to his detriment by leaving his previous employment and relocating his family to Jackson, Wyoming, what damages has plaintiff suffered as a consequence?

$_____

If you find defendant's conduct to have been willful and wanton misconduct, what damages are appropriate for the purpose of punishing the defendants and to deter the defendants and others similarly situated from engaging in similar conduct in the future?

$_____

TOTAL damages awarded to Plaintiff: $_____

the trial court in order that it might be corrected, and failing to do this he shall not be heard here to complain. *Addakai* at ¶ 28. As in *Davis* and *Capshaw*, Mr. Loya's failure to object is fatal to his appeal. A careful reading of the special verdict form would have alerted Mr. Loya to the possibility of the jury making no findings on Mr. Schuler's individual liability for breach of contract. The parties are held accountable for creating and acquiescing to an inartfully drafted jury verdict form. *Dewey v. Wentland*, 2002 WY 2, 38 P.3d 402, (Wyo.2002).

[¶ 17] We are not unsympathetic to Mr. Loya's dilemma. However, the matter of waiver is grounded, among other things, on the proposition that jury trials are time-consuming and costly proceedings, and while litigants are entitled to a fair trial, they have responsibilities to assist the trial court in bringing about such a result. *DeWitty v. Decker*, 383 P.2d 734, 736 (Wyo.1963). Mr. Loya provides us with no authority that would allow us to alter the district court's judgment, which is founded upon the jury's specific findings.

## CONCLUSION

[¶ 18] Having not properly preserved the issue before the district court, Mr. Loya is foreclosed from raising objections to the verdict form on appeal. We hold the district court's judgment in favor of Mr. Schuler was consistent with the jury's findings in the special verdict form and affirm.